E-filed: June ___, 2011

Robert R. Kinas (Nevada Bar No. 6019)
Nishat Baig (Nevada Bar No. 11047)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: rkinas@swlaw.com
         nbaig@swlaw.com
*Attorneys for Bank of Nevada*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. 10-33909-mkn |
| VENTO FAMILY TRUST, | Chapter 11 |
| Debtor. | **JOINT MOTION TO APPROVE STIPULATION FOR USE OF CASH COLLATERAL AND FOR ADEQUATE PROTECTION** |
| | Hearing Date: _____**OST pending**_____ |
| | Hearing Time: _____**OST pending**_____ |
| | Hearing Location:<br>**United States Bankruptcy Court**<br>**Foley Federal Building, Courtroom No. 2**<br>**300 Las Vegas Blvd South, Third Floor**<br>**Las Vegas, Nevada 89101** |

BANK OF NEVADA, formerly known as BankWest of Nevada ("Bank" or "Lender"), by and through its undersigned attorneys and VENTO FAMILY TRUST ("Vento" or "Debtor", and together with Bank, the "Parties"), by and through its undersigned attorneys, jointly move for the entry of an order approving the *Stipulation for Use of Cash Collateral and for Adequate Protection* attached hereto as Exhibit 1 (the "Stipulation") pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e) of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001(b) of the Local Rules. The Bank has a security interest in certain income-producing real property owned by Debtor and pledged to the Bank as collateral securing two loans. The Bank also has a security interest in the income generated from the real property and this income constitutes its cash collateral.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12730944

This Joint Motion is based upon the following Memorandum of Points and Authorities, the Declaration in support of the Joint Motion ("Declaration"), filed concurrently herewith, all pleadings and papers of record, and any oral argument the Court may entertain.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and is a contested matter pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

### II.

### RELEVANT FACTS AND BACKGROUND

**A.    The First Loan**

1.    On or about October 4, 2001, Debtor executed a "Promissory Note" (the "First Note") in favor of Bank, and its successors and assigns, through which Debtor promised to pay Bank the principal amount of $580,000.00 "together with interest on the unpaid principal balance from October 4, 2001, until paid in full" (the "First Loan").  *See* First Note, attached as Exhibit 2.

2.    On or about October 4, 2001, in connection with the First Note, Debtor entered into a "Business Loan Agreement" (the "Loan Agreement").  *See* Loan Agreement, attached as Exhibit 3.

3.    On or about October 4, 2001, Debtor executed a "Deed of Trust" (the "First Deed of Trust") to secure the First Note.  The First Deed of Trust was duly recorded with the Clark County Recorder on October 16, 2001, as Instrument No. 20011016-00081.  *See* First Deed of Trust, attached as Exhibit 4.

4.    The First Deed of Trust encumbers, among other things, the property commonly known as 2211 South Maryland Parkway, Las Vegas, Nevada 89104, APN 162-02-410-089, as further described in Exhibit A of the First Deed of Trust (the "Maryland Property").

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

12730944

5. On or about October 4, 2001, Debtor executed an "Assignment of Rents" (the "Assignment of Rents") to secure the First Note. The First Assignment of Rents encumbers the First Property and was duly recorded with the Clark County Recorder on October 16, 2001, as Instrument No. 20011016-00082. *See* First Assignment of Rents, attached as Exhibit 5.

6. On or about October 4, 2001, as additional security for the First Loan, Debtor executed a "Commercial Security Agreement" ("First Security Agreement") granting Bank a blanket lien in all of Debtor's assets. *See* First Security Agreement, attached as Exhibit 6.

7. On or about July 1, 2003, Debtor executed a "Change in Terms Agreement" (First Loan Modification") in connection with the First Loan. *See* First Loan Modification, attached as Exhibit 7.

8. The First Note, Loan Agreement, First Deed of Trust, Assignment of Rents and First Loan Modification are hereafter collectively referred to as the "First Loan Documents."

**B.    The Second Loan**

9. On or about February 28, 2002, Debtor executed a "Promissory Note" (the "Second Note" and collectively with the First Note, the "Notes") in favor of Bank, and its successors and assigns, through which Debtor promised to pay Bank the principal amount of $1,265,000.00 "together with interest on the unpaid principal balance" (the "Second Loan" and collectively with the First Loan, the "Loans"). *See* Second Note, attached as Exhibit 8.

10. On or about February 28, 2002, Debtor executed a "Construction Deed of Trust" (the "Second Deed of Trust" and collectively with the First Deed of Trust, the "Deeds of Trust") to secure the Second Note. The Second Deed of Trust was duly recorded with the Clark County Recorder on March 7, 2002, as Instrument No. 20020307-01726. *See* Second Deed of Trust, attached as Exhibit 9.

11. The Deed of Trust encumbers, among other things, the property commonly known as 191 South Arroyo Grande, Henderson, Nevada 89014, APN 178-21-702-002, as further described in Exhibit A of the Second Deed of Trust (the "Arroyo Grande Property" and collectively with the Maryland Property, the "Properties").

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12730944

12.     Debtor executed multiple "Change in Terms Agreement[s]" (collectively, the "Second Loan Modifications") in connection with the Second Loan.  *See* Second Loan Modifications, attached as Exhibit 10.

13.     Debtor executed multiple "Modification[s] of Deed of Trust" (collectively, the "Second DOT Modifications") in connection with the Second Loan.  *See* Second DOT Modifications, attached as Exhibit 11.

14.     The Second Note, Second Deed of Trust, Second Loan Modifications and Second DOT Modifications are hereafter collectively referred to as the "Second Loan Documents" (collectively with the First Loan Documents, "Loan Documents").

**C.      Lender's Security Interest in Income from the Properties**

15.     Pursuant to the Loan Documents, Lender has a security interest not only in the Maryland Property and Arroyo Grande Property, but in any income generated from the Properties.

16.     Pursuant to the Loan Documents, Lender was assigned all of Debtor's "right, title, and interest in and to all present and future leases of the [Properties] and all Rents from the [Properties]."  *See* Deeds of Trust, at p. 1; Assignment of Rents, at p. 1.

17.     Lender properly perfected its security interest in its collateral by duly filing UCC Financing Statements.  *See* Financing Statements, attached as Exhibit 12.

18.     By and through the Loan Documents and the UCC Financing Statements, Lender has a first priority, properly perfected lien in, on and to, among other things, the Properties and the income generated therefrom.  That income constitutes Lender's cash collateral.

**D.      The Debtor's Bankruptcy Case**

19.     On or about December 27, 2010 (the "Petition Date"), Debtor filed its Chapter 11 bankruptcy petition.

20.     Debtor failed to make its regular payments under the First Loan Documents for January, February, and March of 2011.

21.     Debtor is current on its payments under the Second Loan Documents.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

22.    Lender and Debtor have come to an agreement for Debtor's use of cash collateral and for adequate protection. *See* Exhibit 1, Stipulation.

### III.

### RELIEF REQUESTED

The Parties respectfully requests the Court enter an order approving the Stipulation attached as Exhibit 1 for the use of cash collateral and for adequate protection pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e).

### IV.

### ARGUMENT

Lender has a first priority, properly perfected security interest in all of the collateral as described in the Loan Documents, including all of the income generated from the Maryland Property and the Arroyo Grande Property.  Pursuant to 11 U.S.C. § 363(a), these funds constitute Lender's cash collateral.  The Bankruptcy Code and Ninth Circuit case law both make it abundantly clear that it is the debtor's burden to prove adequate protection of a secured creditor's interest before the debtor can be allowed to use the secured creditor's cash collateral without its consent. *See, e.g., In re Scottsdale Medical Pavilion*, 159 B.R. 295, 302-303 (9th Cir. B.A.P. 1993).  Section 363(c)(2) of the Bankruptcy Code provides, in pertinent part: "[t]he trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless- (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

Additionally, Section 363(e) of the Bankruptcy Code states that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).  The requirement of adequate protection is mandatory and if adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited. *See* 3-363 *Collier on Bankruptcy* at ¶ 363.05[2] (15th Ed. Rev. 2009).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12730944

1    Here, Lender and Debtor have come to an agreement for the use of cash collateral and

2    adequate protection. That agreement is memorialized in the Stipulation, attached as Exhibit 1. The

3    Parties respectfully request that the Court enter the Order approving the Stipulation.

4                                        **V.**

5                                  **CONCLUSION**

6        Pursuant to 11 U.S.C. § 363(c), the Parties have come to an agreement allowing Debtor's use

7    of cash collateral and providing adequate protection to Lender. The Parties respectfully request that

8    such Stipulation be approved, provided that no objection is filed.

9

10   DATED: May 31 , 2011            DATED: May 6 , 2011

11   SNELL & WILMER L.L.P.           TIMOTHY S. CORY & ASSOCIATES

12

13   By: _____     By: _____
     Robert R. Kinas (NV Bar No. 6019)      Timothy S. Cory (NV Bar No. 1972

14   Nishat Baig (NV Bar No. 11047)         Jason C. Farrington (NV Bar No. 8063
     3883 Howard Hughes Parkway, Suite 1100 8831 West Sahara Avenue

15   Las Vegas, NV 89169                    Las Vegas, NV 89117
     Telephone: (702) 784-5200             Telephone: (702) 188-1996

16   Facsimile: (702) 784-5252             Facsimile: (702) 382-7903
     *Attorneys for Bank of Nevada*         *Attorneys for Vento Family Trust*

17

18

19

20

21

22

23

24

25

26

27

28

12730944

- 6 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200