BOB L. OLSON, ESQ.
Nevada Bar No. 3783
LESLIE S. GODFREY, ESQ.
Nevada Bar No. 10229
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
olsonb@gtlaw.com
godfreyl@gtlaw.com
*Attorneys for Bank of North Las Vegas*

Electronically Filed September 23, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No.  BK-S-10-33909-MKN |
|---|---|
| | Chapter 11 |
| VENTO FAMILY TRUST, | |
| | **BANK OF NORTH LAS VEGAS' MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 109** |
| Debtor. | |
| | **Hearing Date:  October 26, 2011** |
| | **Hearing Time:  9:30 a.m.** |

Bank of North Las Vegas ("Bank of NLV"), creditor and party in interest in the above-captioned Chapter 11 case, by and through its counsel, the law firm of Greenberg Traurig, LLP, hereby submits this Motion to Dismiss ("Motion") pursuant to § 1109 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").  Bank of NLV requests the Court dismiss the Chapter 11 case of debtor Vento Family Trust ("Debtor") because Debtor does not qualify as a business trust and is ineligible for bankruptcy relief.

///

///

///

///

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

*LV 132478.010100 419,533,241.1*

Bank of NLV supports this Motion with the Declaration of Bob L. Olson in Support of Bank of NLV's Objection to Disclosure Statement ("Olson Declaration") filed with the Court on September 14, 2011 (Dkt. #114), the following memorandum of points and authorities, and all matters of record, all of which are incorporated herein by this reference.

DATED this 23rd day of September, 2011.

GREENBERG TRAURIG, LLP


By:  ___*/s/Bob L. Olson*___
BOB L. OLSON, ESQ.
Nevada Bar No. 3783
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone:  (702) 792-3773
*Attorneys for Bank of North Las Vegas*


**MEMORANDUM OF LAW AND POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**II.**

**FACTUAL AND PROCEDURAL BACKGROUND**

2.      On or about December 27, 2010 (the "Petition Date"), Debtor filed a voluntary Chapter 11 petition for relief with this Court.

3.      Debtor is a revocable personal trust formed in or around 1990 by Carmine and Anne Vento (the "Ventos") under the laws of the State of Nevada.  A true and correct copy of the Fourth Amendment and Total Restatement of the Vento Family Trust dated as of May 15, 2009 (the "Vento Family Trust") is attached as Exhibit 4, p. 31 to the Olson Declaration.  The Vento

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

Family Trust is fully revocable prior to the death of either Carmine or Ann Vento. *See id.* at Article 6.

4.      According to Anne Vento, the Ventos originally formed Debtor for estate planning purpose. *See* Olson Declaration, Exhibit 2 at p. 13, lines 2 - 11. Specifically, Mrs. Vento testified that a person, who allegedly fell in one of the Vento stores, sued the family in 2003 or 2004, and the Ventos engaged an attorney to update their estate plan to, among other things, protect their assets from the person who was suing them. *See id.* at p. 13, line 12 - p. 14, line 5.

5.      Mr. Vento also admitted that the Ventos formed the Debtor to enable him to keep his assets. *See* Olson Declaration, Exhibit 1, p. 67, ln. 1 - p. 77, ln. 14.

6.      Section 7.2.4 of the Vento Family Trust states:

> <u>Power to Partition, Allot, and Distribute the Trust Estate</u>. The Trustee is authorized to partition, allot, and distribute the Trust Estate, on any division or partial or final distribution of the Trust Estate, in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee may deem necessary to make division or distribution.

*See* Olson Declaration, Exhibit 4 [Dkt. No. 114-5 at p. 10 of 26]. Section of the Vento Family Trust 11.1 states:

> <u>Spendthrift Clause</u>. Except as may be herein otherwise expressly provided, all income or principal to be paid to any of the beneficiaries herein named shall be paid by the Trustee or Independent Trustee, as the case may be, directly and only to or on behalf of said beneficiaries or to the personal representative of any beneficiary. No trustee serving hereunder is to recognize any transfer, mortgage, pledge, hypothecation, order or assignment of any beneficiary (other than the Settlors during their lifetimes), by way of anticipation of any part of the income or principal. The income and principal of the Trust shall not be subject to any manner of transfer by operation of law unless otherwise herein provided, and shall be exempt from the claims of creditors or other claimants, and from orders, decrees, levies, attachments, garnishments, and executions, and other legal or equitable process or proceedings to the fullest extent permissible by law.

*See id.* Further, Section 11.2 of the Vento Family Trust states:

> <u>No Contest Clause</u>. Except as provided herein, the Settlors have purposely made no provision in the Trust for any other person, whether claiming to be an heir of theirs or not. If any person, whether or not a beneficiary under this Trust or mentioned herein, shall directly or indirectly contest the validity of this Trust, which shall include any amendment thereto, or file any action in any court to annul any provision hereof, then in such event all interest of such person in and under this Trust shall be disposed of as if that person had predeceased the Settlors.

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

*See id.*

7.    On August 17, 2011, Debtor filed its Chapter 11 Plan of Reorganization ("Plan") and Disclosure Statement to Accompany Chapter 11 Plan of Reorganization.  [Dkt. Nos. 94 and 95].

8.    To date, no plan has been confirmed in this case, and no confirmation hearing is set on Debtor's Plan.   On September 14, 2011, Bank of NLV filed its Objection to Debtor's Disclosure Statement [Dkt. 113] (the "Objection").   Bank of NLV incorporates all of the objections contained in the Objection, as well as all exhibits attached to the Declaration of Bob L. Olson in Support of Bank of North Las Vegas' Objection to Disclosure Statement [Dkt. 114] (the "Olson Declaration") into this Motion as if repeated herein.

### III.

### LEGAL ARGUMENT

A.    <u>Debtor is Not a Business Trust and Is Not Eligible for Bankruptcy Relief</u>.

The Debtor is not eligible for relief under any chapter of the Bankruptcy Code, and the Court should dismiss the above-captioned Chapter 11 case immediately.  Bankruptcy Code § 109 limits who may be a bankruptcy debtor, "…only a *person* that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title."  *See* 11 U.S.C. § 109(a) (emphasis added).  Notably, the Bankruptcy Code does not include trusts within the definition of "person."  *See* 11 U.S.C. § 104(41) ("person" defined to include a(n) "individual, partnership, and corporation…").  To wit, the legislative history of the Bankruptcy Code expressly states that Congress did not intend the definition of "person" to include non-business trusts.  *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 313 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 25 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5811 ("[t]he definition does not include an estate or a trust, which are included only in the definition of entity as proposed in 11 U.S.C. 101(14)"); *see also In re Sung Soo Rim Irrevocable Intervivos Trust*, 117 B.R. 673, 675 (Bankr. C.D. Cal. 1995) (holding trust not eligible for bankruptcy relief because it did not qualify as business trust); *In re Lancaster Family Trust*, 2010 WL 1463007, No. 10-10490 (Bankr. N.D. Miss. 2010) (holding family trust not eligible for bankruptcy relief).  The Bankruptcy Code,

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

however, defines the term "corporation" to include "business trust." *See* 11 U.S.C. § 101(9)(A)(v). Accordingly, only a "business trust" may file for bankruptcy relief. *See In re Sung Soo Rim*, 177 B.R. at 675; *see also In re Hunt*, 160 B.R. 131, 135 (9th Cir. B.A.P. 1993) ("non-business trust is not a 'person' entitled to Chapter 11 protection").

The Bankruptcy Code does not define the term "business trust." *See id.* Courts in the Ninth Circuit have found that because a business trust is eligible as a corporation, it must have attributes of a corporation to qualify as a business trust. *See id.* at 678 (a trust that lacks any "demonstrated business purpose, transferability of interest, continuity of existence, or any provision of control by the sole beneficiary" is not a business trust); *see also In re Parade Realty, Inc., Employees Retirement Pension Trust*, 134 B.R. 7, 11 (Bankr. D. Hawaii 1991) ("to qualify as a business trust, the trust must have the attributes of a corporation, especially the transferability of interests"). Federal law governs the analysis of whether or not a debtor is eligible for bankruptcy relief. *See In re Sung Soo Rim*, 177 B.R. at 677. Bankruptcy courts, however, look to state law to assist in defining the parameters of what entities qualify as a business trust. *See id.* (in the absence of a Bankruptcy Code definition, bankruptcy courts look to applicable state law relating to the formation of legal entities).

The Debtor fails to meet the characteristics of a business trust as defined by Nevada law. Under Nevada law, a business trust is defined as "an unincorporated association: which is created by a trust instrument under which property is held, managed, controlled, invested, reinvested or operated, or any combination of these, or business or professional activities for profit are carried on, by a trustee for the benefit of the persons entitled to a beneficial interest in the trust property." *See* NRS 88A.030. The statute continues by stating, "the term includes, without limitation, a trust of the type known at common law as a business trust or Massachusetts trust, a trust qualifying as a real estate investment trust pursuant to 26 U.S.C. §§ 856 *et seq.*, as amended, or any successor provision, or a trust qualifying as a real estate mortgage investment conduit pursuant to 26 U.S.C. § 860D, as amended, or any successor provision." *See id.* Notably absent from the definition is any reference to a family trust or revocable personal trust. Here, the Ventos are individuals, not unincorporated associations, who created the Debtor (a revocable personal trust) for asset

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

-5-

protection and estate planning purposes. Therefore, Debtor does not satisfy the formal requirements of Nevada law governing business trusts and is not eligible for bankruptcy relief.

**B.    The Vento Family Trust Agreement Further Proves Debtor Is Not A Business Trust.**

Based on the express terms of the Vento Family Trust agreement, the Debtor also lacks any cognizable similarity to a corporation and is not a business trust eligible for bankruptcy protection. In *In re Parade Realty, Inc.*, the bankruptcy court identified various factors to support its conclusion that an employees' retirement pension plan trust was not a business trust. *See* 134 B.R. at 11. The court found specific language in the trust documents that prohibited the transferability of beneficial interests. *See id.* ("[w]ithout transferability, the trust herein fails to fall within the realm of a business trust"); *see also In re Sung Soo Rim*, 177 B.R. at 678 (trust agreement prohibited transfer of any interest prior to receipt by the beneficiary). Additionally, the court found that the trust lacked outside investors or participants involved in the trust, which showed the trust did not have the requisite attributes of a corporation. *See* 134 B.R. at 11.

The Bankruptcy Court in *In re Sung Soo Rim* also found debtor failed to qualify as a business trust. The court emphasized, among other things, that the trust provided the trustee with "exclusive control" over all trust activities, including distribution of principal assets to the beneficiary. *See* 177 B.R. at 678. The bankruptcy courts in both *In re Sung Soo Rim* and *In re Parade Realty, Inc.* dismissed the debtor's case after holding that the debtor was not eligible for bankruptcy relief under Bankruptcy Code § 109. *See* 177 B.R. at 679; *see also* 134 B.R. at 11.

Here, the Vento Family Trust includes key provisions, which clearly indicate the Debtor does not fit into the narrow category of a business trust and is ineligible for bankruptcy protection. First, it is fully revocable at the whim of either of the Ventos. Second, like the trust agreement at issue in *In re Parade Realty Inc.*, the Vento Family Trust limits transfers. Section 11.1 of the Vento Family Trust states:

> Spendthrift Clause. Except as may be herein otherwise expressly provided, all income or principal to be paid to any of the beneficiaries herein named shall be paid by the Trustee or Independent Trustee, as the case may be, directly and only to or on behalf of said beneficiaries or to the personal representative of any beneficiary. **No trustee serving hereunder is to recognize any transfer, mortgage, pledge, hypothecation, order or assignment of any beneficiary**

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

-6-

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

(other than the Settlors during their lifetimes), by way of anticipation of any part of the income or principal.  **The income and principal of the Trust shall not be subject to any manner of transfer by operation of law unless otherwise herein provided**, and shall be exempt from the claims of creditors or other claimants, and from orders, decrees, levies, attachments, garnishments, and executions, and other legal or equitable process or proceedings to the fullest extent permissible by law.

*See* Olson Declaration, Exhibit 4 [Dkt. No. 114-5 at p. 10 of 26] (emphasis added).  Based on the aforementioned terms of the Vento Family Trust, transfers of beneficial interests in the trust property are expressly prohibited.

Third, the Vento Family Trust does not implicate outside investors or participants, only the Ventos and their heirs.  Section 11.2 of the Vento Family Trust states:

No Contest Clause.  Except as provided herein, **the Settlors have purposely made no provision in the Trust for any other person, whether claiming to be an heir of theirs or not**.  If any person, whether or not a beneficiary under this Trust or mentioned herein, shall directly or indirectly contest the validity of this Trust, which shall include any amendment thereto, or file any action in any court to annul any provision hereof, then in such event all interest of such person in and under this Trust shall be disposed of as if that person had predeceased the Settlors.

*See id*. (emphasis added).

Fourth, in this case, the Trustee (as defined in the Vento Family Trust) retains exclusive control of the distribution of trust property.  Section 7.2.4 of the Vento Family Trust states:

Power to Partition, Allot, and Distribute the Trust Estate.  The Trustee is authorized to partition, allot, and distribute the Trust Estate, on any division or partial or final distribution of the Trust Estate, in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee may deem necessary to make division or distribution.

*See id*.  As stated above, multiple bankruptcy courts in the Ninth Circuit have dismissed cases of trusts with similar characteristics because non-business trusts are not eligible for bankruptcy protection.  Moreover, the Ventos both explicitly admitted the purpose of Debtor is estate planning and asset protection purposes, not a business trust.

In sum, the Debtor is not a business trust and is not eligible for bankruptcy relief.  The Debtor does not satisfy the Nevada law requirements to be a business trust and further lacks attributes of a corporation by limiting transfers, excluding participation of outside investors or participants, and vesting control over asset distribution exclusively with the Trustee.

1    Accordingly, the Debtor has no standing to be a bankruptcy debtor, and the Court is well within

2    its discretion to dismiss this case immediately.

3                                                    **III.**

4                                            **CONCLUSION**

5          WHEREFORE, for all of the foregoing reasons, Bank of NLV respectfully requests that the

6    Court enter an Order dismissing the case and for such other and further relief as is just and proper

7    under the facts and circumstances.  A proposed Order is attached hereto.

8          DATED this 23rd day of September, 2011.

9                                      GREENBERG TRAURIG, LLP

10

11                             By:    ____/s/ Bob L. Olson_____
                                      BOB L. OLSON, ESQ.
12                                    Nevada Bar No. 3783
                                      LESLIE S. GODFREY, ESQ.
13                                    Nevada Bar No. 10229
                                      3773 Howard Hughes Parkway, Suite 400 North
14                                    Las Vegas, Nevada  89169
                                      *Attorneys for Bank of North Las Vegas*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of September, 2011, a true and correct copy of the

foregoing was served by the following means to the persons as listed below:

☒    a.    ECF System

STEPHANIE H. ALLEN on behalf of Interested Party STEPHANIE ALLEN
sallen@kcnvlaw.com, mtice@kcnvlaw.com

GORDON E. BYWATER on behalf of Creditor Service1st Bank of Nevada
gbywater@sgblawfirm.com

TIMOTHY S. CORY on behalf of Debtor VENTO FAMILY TRUST
tim.cory@corylaw.us

NATALIE M. COX on behalf of Creditor BANK OF LAS VEGAS
ncox@klnevada.com, bankruptcy@klnevada.com;kdunn@klnevada.com

JASON C. FARRINGTON on behalf of Debtor VENTO FAMILY TRUST
jason@corylaw.us, angie@corylaw.us

DANIEL T. FOLEY on behalf of Creditor Airport Plaza Phase 3 Owners' Association
dan@dfoleylaw.com, karin@dfoleylaw.com;betty@dfoleylaw.com

ROBERT R. KINAS on behalf of Creditor BANK OF NEVADA
rkinas@swlaw.com,
jmath@swlaw.com;mfull@swlaw.com;cdossier@swlaw.com;nbaig@swlaw.com;nunzuet
a@swlaw.com;docket_las@swlaw.com

TRACY O'STEEN on behalf of Creditor NEVADA COMMERCE BANK
tosteen@sheacarlyon.com,
wapplegate@sheacarlyon.com;kculross@sheacarlyon.com;rmsmith@sheacarlyon.com;jsh
ea@sheacarlyon.com;ltreadway@sheacarlyon.com

STEFANIE T. SHARP on behalf of Creditor City National Bank, N.A.
ssharp@rbsllaw.com, hdericco@rbsllaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

JOSEPH G. WENT on behalf of Creditor BANK OF LAS VEGAS
jwent@klnevada.com, kdunn@klnevada.com;bankruptcy@klnevada.com

LISA M WILTSHIRE on behalf of Creditor FDIC as Receiver for Community Bank of
Nevada
lwiltshire@mcdonaldcarano.com,
cstuchell@mcdonaldcarano.com;lstewart@mcdonaldcarano.com

_____
            */s/ Joyce Heilich*
An employee of Greenberg Traurig, LLP

-9-

BOB L. OLSON, ESQ.
Nevada Bar No. 3783
LESLIE S. GODFREY, ESQ.
Nevada Bar No. 10229
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada  89169
Telephone:  (702) 792-3773
Facsimile:   (702) 792-9002
olsonb@gtlaw.com
godfreyl@gtlaw.com
*Attorneys for Bank of North Las Vegas*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.  BK-S-10-33909-MKN |
| | Chapter 11 |
| VENTO FAMILY TRUST, | **ORDER GRANTING BANK OF NORTH LAS VEGAS' MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 109** |
| Debtor. | **Hearing Date:  October 26, 2011** |
| | **Hearing Time:  9:30 a.m.** |

This Court, having read and considered Bank of North Las Vegas' Motion to Dismiss Pursuant to 11 U.S.C. § 109 (the "Motion"), having heard and considered the oral argument of counsel, Bob L. Olson, Esq., of the law firm of Greenberg Traurig, LLP, appearing on behalf of Bank of North Las Vegas, and noting that no opposition has been filed to the motion, and with good cause appearing therefor:

-10-

*LV 132478.010100 419,533,241.1*

1    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Debtor is a Trust

2    which is ineligible for relief under Title 11, the Motion is **GRANTED** in its entirety and Debtor's

3    cases is dismissed with prejudice.

4

5    Prepared and Respectfully Submitted by:

6    GREENBERG TRAURIG, LLP

7    By:  ___/s/ Bob L. Olson_____

8         BOB L. OLSON, ESQ.
     Nevada Bar No. 3783

9         LESLIE S. GODFREY, ESQ.
     Nevada Bar No. 10229

10        GREENBERG TRAURIG, LLP
     3773 Howard Hughes Parkway

11        Suite 400 North

12        Las Vegas, Nevada  89169
 *Attorneys for Bank of North Las Vegas*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

-11-

1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

2

3       In accordance with Local Rule 9021, counsel submitting this document certifies that the order

4  accurately reflects the court's ruling and that (check one):

5       ☐     The Court has waived the requirement set forth in LR 9021(b)(1).

6       ☐     No party appeared at the hearing or filed an objection to the motion.

7       ☐     I have delivered a copy of this proposed order to all counsel who
8             appeared at the hearing, and any unrepresented parties who appeared at
             the hearing, and each has approved or disapproved the order, or failed to
9             respond, as indicated below [list each party and whether the party has
             approved, disapproved, or failed to respond to the document].

10

11      ☐     I certify that this is a case under Chapter 7 or 13, that I have served a
             copy of this order with the motion pursuant to LR 9014(g), and that no
12            party has objected to the form or content of the order.

13

                                        # # #
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Traurig LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

LV 132478.010100 419,533,241.1