1  TIMOTHY S. CORY, ESQ.                          E-filed:  October 31, 2011
   Nevada Bar No. 1972
2  JASON C. FARRINGTON, ESQ.
   Nevada Bar No. 8063
3  **TIMOTHY S. CORY & ASSOCIATES**
   8831 West Sahara Avenue
4  Las Vegas, Nevada 89117
   Telephone (702) 388-1996
5  tim.cory@corylaw.us

6

7  Attorneys for the Debtor

8              **UNITED STATES BANKRUPTCY COURT**

9                     **DISTRICT OF NEVADA**

10

11 IN RE:                                  Case No. 10-33909-MKN

12 VENTO FAMILY TRUST,                     Chapter 11

13                                         **Hearing Date:  November 2, 2011**
                     Debtor.              **Hearing Time:  11:00 a.m.**
14

15

16          **FIRST AMENDED DISCLOSURE STATEMENT TO**
          **ACCOMPANY CHAPTER 11 PLAN OF REORGANIZATION**

17

18                       **I.  INTRODUCTION**

19
        The Debtor, Vento Family Trust ("Vento" or the "Debtor"), submits this First Amended

20
   Disclosure Statement ("Disclosure Statement") pursuant to §1125 of the Bankruptcy Code (11

21
   U.S.C. §101 et seq.) to all known creditors, equity holders, and parties-in-interest of the Debtors

22
   to disclose information to enable them to make an informed decision in exercising their rights to

23
   accept or reject the Debtor's Chapter 11 Plan of Reorganization (the "Plan") filed with the United

24
   States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") and attached hereto

25
   as **Exhibit A**.

26
        The information contained in this Disclosure Statement is subject to the approval of the

27

28 Bankruptcy Court.  Unless specified otherwise, the information and analysis set forth herein is

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

current as of the date of this Disclosure Statement.

The following is a disclosure of all known information deemed to be material, important, and necessary for parties-in-interest to arrive at a reasonably informed decision in exercising their right to vote for the acceptance or rejection of the Plan.

The Debtor provides this Disclosure Statement to all known holders of claims and Allowed Equity Interests in the Debtor.  The purpose of this Disclosure Statement is to provide adequate information, as far as is reasonably practicable, to the holders of claims and Allowed Equity Interests so they can make an informed judgment about the Plan.

Before deciding whether to accept or reject the Plan, you should carefully read the contents of this Disclosure Statement and the Plan.  The information contained in this Disclosure Statement has not been audited, and therefore, the Debtor does not warrant or represent that the information contained in this Disclosure Statement is completely accurate.

You should not rely upon any representations or other inducements made to secure your acceptance or rejection of the Plan other than contained in this Disclosure Statement or in another disclosure statement approved by the Bankruptcy Court.  You should report any such additional representations or inducements to the Bankruptcy Court or to counsel for the Debtor, who will deliver such information to the Bankruptcy Court.

The Plan may have tax consequences to the Debtor and to the holders of claims and Allowed Equity Interests in the Debtor.  For this reason, parties in interest may wish to consult their tax advisors regarding the provisions of the Plan and the particular tax consequences applicable to them of the Plan.

The definitions contained in Article II of the Debtor's Plan of Reorganization are applicable throughout this Disclosure Statement and are incorporated herein by reference.

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

## II. HISTORY OF THE DEBTORS

The Vento Family Trust was formed in or around 1990 for the purpose of holding the business related real estate assets of Carmine and Ann Vento. The following is a list of the various real estate development endeavors that the Trust has been involved with since its inception:

- 1991 – Developed a 4,000sf commercial building on Maryland Pkwy (Maryland Pkwy. Property) that housed a Villa Pizza restaurant. The business operations were sold in 1995. This property was a commercial rental property from 1995 through 2009, at which time the last tenant had to close the business due to the poor economy. In 2010, the Vento's renovated this property and opened Carmine's Pizza Kitchen, which is the current tenant in the property.

- 1991 - Developed a 4,500sf commercial building on Warm Springs that housed an Instant Replay Sports Bar/Villa Pizza restaurant. The business operations were sold in 1996. This property was a commercial rental property from 1996 through 2000, at which time it was sold to the business owner.

- 1993 – Developed a 4,000sf commercial building on Boulder Hwy/Green Way. The business operations were sold in 1994. This property was a commercial rental property from 1994 through 1999, at which time it was sold to a third party.

- 1994 - Developed a 5,000sf commercial building on Buffalo/Sahara that housed an Instant Replay Sports Bar/Villa Pizza restaurant. The business operations were sold in 1997. This property was a commercial rental property from 1997 through 1998, at which time it was sold to the business owner.

- 1996 - Developed a 6,000sf commercial building on Sunset that housed an Instant Replay Sports Bar/Villa Pizza restaurant. The business operations and building were sold in 1998.

- 1998 - Developed a 6,000sf commercial building on Rancho that housed an Instant Replay Sports Bar/Villa Pizza restaurant. The business operations and building were sold in 1998.

- 1999 – Developed an 8,500sf commercial building on Marks Street (Marks Street Property) that housed an Instant Replay Sports Bar/Villa Pizza restaurant. The business operations were sold in 2004 and rebranded to Carmine's Little Italy. This property was a commercial rental property from 2004 through 2010, at which time the last tenant had

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

to close the business due to the poor economy.  In 2011, the Vento's renovated this property and opened Carmine's Italian Kitchen, which is the current tenant in the property.  In 2011, the Vento Family Trust was granted a Gaming License for this property.

- 2000 - Developed a 6,000sf commercial building on Las Vegas Blvd. that housed an Instant Replay Sports Bar/Villa Pizza restaurant.  The business operations were sold in 2000.  This property was a commercial rental property from 2000 through 2003, at which time it was sold to the business owner.

- 2001 – Vento Family Trust sells the rights for the Villa Pizza name to national franchisor.  New owners give the Vento's a period of time to rebrand and remove the Villa Pizza name.

- 2002 - Developed an 8,500sf commercial building on Arroyo Grande (Arroyo Grande Property) that housed Ventano's Italian Restaurant.  The Vento's own 50% of the business operations and the Vento Family Trust owns 50% of the real estate.  This restaurant is still in operation and is the tenant in this building.

- 2003 – Developed a 7,800sf commercial building on Durango (Durango Property) that housed Carmine's Little Italy/Instant Replay Sports Bar.  The business operations were sold in 2008.  This property was a commercial rental property from 2008 through 2010, at which time the last tenant had to close the business due to the poor economy.  The Vento's are desirous to renovate this property and re-open as Carmine's Italian Kitchen.  The Vento Family Trust has an application pending for a Gaming License for this property.

- 2004 – Purchase a 12,000sf warehouse on Spencer Street (Spencer Warehouse) for the purpose of warehousing equipment and supplies needed for the various restaurant development activities of The Vento Family Trust.

- 2005 – Developed an 8,000sf commercial building on Carnegie (Carniegie Property) that housed La Collina Italian Restaurant.  The business operations were closed in 2009, and the property was leased to Lindo Michoacan Mexican Restaurant. This property has been a commercial rental property since 2009 to the present time.  Lindo Michoacan is the current tenant in this building.

- 2006 – Developed a 7,000sf commercial building on Southern Highlands Pkwy that housed Tra Luca Italian Restaurant.  The business operations were closed in 2006, and the property was leased to Beverly Hills Café that operated for less than six (6) months.  The Vento Family Trust tried to sell and/or lease-out this building for the better part of two (2 years) with no success.  After months of unsuccessful negotiations with

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Community Bank of Nevada, this property was lost through foreclosure after the FDIC took over the Bank.

- 2008 – Developed a 7,200sf commercial building on Lake Mead that housed Carmine's Little Italy. The business owner was unable to profitably operate the business and stopped paying rent around mid 2009. The tenant would not vacate the property after it stopped paying rent and it took several months to get an eviction through the court system. The tenant's non payment of rent caused the loan on this property to go into default and ultimately foreclosure.

- 2009 – Developed a 7,200sf commercial building on Decatur/Pyle that housed Carmine's Little Italy. The business owner was unable to profitably operate the business and stopped paying rent in late 2009. The tenant would not vacate the property after it stopped paying rent and it took several months to get an eviction through the court system. The tenant's non payment of rent caused the loan on this property to go into default and ultimately foreclosure.

It should be noted that the last few real estate developments were under construction when the economy started to turn, which left the Vento Family Trust with very few options other than completing the protects as planned. The fact that a number of tenants stopped paying rent at or about the same time created a drain on The Vento Family Trust which it could not overcome. The Vento's tried to negotiate for lower loan payments from the various banks to try and assists its tenants with lower rental payments, but the majority of the banks would not work with the Trust to try and avoid loan defaults and eventual foreclosures. There was no guaranty that the tenants would have survived with lower rental rates, but the businesses that are still around today in this industry are survivors based on lower rent or debt service that is more inline with reduced restaurant revenue and lower gaming revenues. The non payment of rent and the inability to renegotiate its loans with several banks lead to the filing of The Vento Family Trust's bankruptcy petition on December 27, 2010.

### III. SUMMARY AND MEANS OF IMPLEMENTING THE PROPOSED PLAN

Vento will implement this Plan through the proceeds of its business operations. As shown on the projections attached hereto as **Exhibit B**, Vento expects to have sufficient income

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

1  from business operations to make the payments called for in the Plan.

2  ## IV.  GENERAL INFORMATION ON REORGANIZATION PROCEEDINGS

3  Chapter 11 of the Bankruptcy Code is a remedial statute designed to effect the

4  rehabilitation and reorganization of financially distressed individuals and entities.  The statutory

5  aims of a reorganization proceeding include the following:

6

7  (1)  preservation of the Debtors' property as a going concern and preservation of any going concern value of the Debtors' business and operations;

8

9  (2)  avoidance of a forced and destructive liquidation of the Debtors' assets;

10  (3)  the protection of the interest of Creditors, both secured and unsecured; and,

11  (4)  the restructuring of the debts of the Debtors and the finances of the Debtors, such as would enable it to retain those assets necessary to rehabilitate their finances and (at the same time) produce the greatest recovery for its Creditors.

12

13  The formulation and confirmation of a plan of reorganization is the principal function of

14  a Chapter 11 case.  Such a plan normally includes provisions for:  (1) altering and modifying

15  rights of creditors;  (2) dealing with the property of the Debtors;  (3)  paying costs and expenses

16  of administering the Chapter 11 case; and, (4) execution of the plan.  The plan may affect the

17  interests of all parties and Creditors, reject executory contracts, and provide for prosecution or

18  settlement of claims belonging to the Debtors.  In order to be confirmed by the Court, the Code

19  requires that there be a finding that the Plan received the votes of certain requisite classes and

20  that the Plan be "fair, equitable, and feasible," as to any dissenting classes of creditors.

21

22  In order for a plan to be "feasible" the Bankruptcy Code requires, as a condition to

23  confirmation, that the Bankruptcy Court find that the liquidation of Vento or the need for future

24  reorganization is not likely to follow after confirmation.  For the purpose of determining whether

25  the Plan meets this requirement, Vento has analyzed its ability to meet its obligations under the

26  Plan.  Vento reasonably believes that it will be able to make all payments required to be made

27  pursuant to the Plan.

28

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

- 6 -

In order for a plan to be "fair and equitable" it must comply with the so-called absolute priority rule. The absolute priority rule requires that beginning with the most senior rank of claims of creditors against the Debtor, each class in descending rank or priority must receive full and complete compensation before inferior or junior classes may participate in the distribution. The plan must be accepted by the affirmative vote of a majority (in number of creditors holding two-thirds, in amount) of claims filed and allowed by each class, unless adequate provisions are made for the classes of dissenting Creditors. In order to fully understand how a Plan is confirmed, each individual Creditor should check with his or her own attorney and receive full advice on the inter-workings of Sections 507(a), 1111, 1112, 1123, 1124 and 1129 of the Code.

**THE FOREGOING IS A BRIEF SUMMARY OF THE HIGHLIGHTS OF A PLAN AND CONFIRMATION OF SUCH, AND THIS FOREGOING SUMMARY SHOULD NOT BE RELIED ON FOR VOTING PURPOSES. CREDITORS ARE URGED TO CONSULT WITH THEIR OWN COUNSEL BEFORE MAKING ANY DECISIONS ON A PLAN FILED HEREIN.**

In addition to the above, Section 1125 of the Code requires that there be a post-petition disclosure in the form of a disclosure statement which provides "adequate information" to Creditors before anyone may solicit acceptances of a Chapter 11 plan.

**THIS DISCLOSURE STATEMENT IS PREPARED IN ACCORDANCE WITH SECTION 1125 SO AS TO PROVIDE "ADEQUATE INFORMATION" TO THE CREDITORS IN THIS PROCEEDING. CREDITORS ARE URGED TO CONSULT WITH THEIR OWN INDIVIDUAL COUNSEL AND TO REVIEW ALL OF THE PLEADINGS FILED IN THIS BANKRUPTCY PROCEEDING IN ORDER TO FULLY UNDERSTAND THE DISCLOSURES MADE HEREIN, ANY PLAN OF REORGANIZATION FILED HEREIN, AND ANY OTHER PERTINENT MATTERS IN THIS PROCEEDING. ANY PLAN OF REORGANIZATION WILL BE COMPLEX, ESPECIALLY SINCE IT REPRESENTS A PROPOSED LEGALLY BINDING AGREEMENT BY THE DEBTOR (OR ANY OTHER PROPONENT OF A PLAN), AND ANY INTELLIGENT JUDGMENT CONCERNING ANY PROPOSED PLAN CANNOT BE MADE WITHOUT FULLY UNDERSTANDING THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT AND THE FULL COMPLEXITIES OF ANY PLAN PROPOSED HEREIN.**

The Debtor is suited for, and in need of, the broad protection afforded by Chapter 11.

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

The Debtor should be able to effectuate a reconstruction of its financial condition through a plan of reorganization. The Debtor is proposing a plan of reorganization in accordance with a Plan submitted herewith and will move to solicit approval and acceptance of it by the creditors, but only after there has been a judicial approval of this Disclosure Statement, including any amendments hereto.

## V.  LIQUIDATION VALUE OF THE ESTATE'S ASSETS

A broker's opinion of value of all of the real property owned by the Debtor is attached hereto as **Exhibit C**. The following properties have a value that is less that the amount owed on the secured claim:  645 Carnegie, 191 Arroyo Grande, 445 Marks Street, 6737 Spencer, 2940 South Durango, 2211 South Maryland Parkway, lots adjacent to 191 Arroyo Grande, and land at the Southwest corner of Las Vegas Boulevard and Richmar. The treatment of the claims secured by these properties is set forth in Section VII below and in the Plan. The following chart shows the liquidation value of the estate's assets. The Debtor believes that the values listed represent the fair market value of the Debtor's properties. However, it should be noted that the creditors secured by the properties have not agreed to these values and have made no admission that their claims are undersecured.

| Property Description | Estate's Interest | Full Value of Property | Value of Estate's Interest | Amount of Secured Claim(s) | Liquidation Value |
|---|---|---|---|---|---|
| 645 Carnegie | 100% | $552,500.00 | $552,500.00 | $2,643,000.00 | $0.00 |
| 191 Arroyo Grande | 100% | $585,000.00 | $585,000.00 | $2,050,000.00 | $0.00 |
| 445 Marks Street | 100% | $622,500.00 | $622,500.00 | $2,200,000.00 | $0.00 |
| 6737 Spencer | 100% | $480,000.00 | $480,000.00 | $780,000.00 | $0.00 |
| 2940 South Durango | 100% | $342,000.00 | $342,000.00 | $2,355,000.00 | $0.00 |
| 2211 South Maryland Parkway | 100% | $140,000.00 | $140,000.00 | $407,910.00 | $0.00 |

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

| | | | | | |
|---|---|---|---|---|---|
| Lots adjacent to 191 Arroyo Grande | 100% | $90,000.00 | $90,000.00 | $90,000.00 | $0.00 |
| SW corner of Las Vegas Blvd. and Richman | 100% | $32,670.00 | $32,670.00 | $50,000.00 | $0.00 |
| Trust deed secured by land at 215 off-ramp and Ann Road | 50% | $54,450.00 | $27,225.00 | $0.00 | $27,225.00 |
| 6827 Tropicana Avenue | 9.878% | $245,000.00 | $24,201.10 | $0.00 | $24,201.10 |
| Land at Hualapai and Dorrell | 24.615% | $160,000.00 | $39,384.00 | $0.00 | $39,384.00 |
| Five Acres of Land Near Ann Road | 43.956% | $25,000.00 | $10,989.00 | $0.00 | $10,989.00 |
| Five Acres of Land Near I-15 and St. Rose Parkway | 8.791% | $25,000.00 | $2,197.75 | $0.00 | $2,197.75 |
| 2.25 Acres South of Blue Diamond Road | 18.141% | $225,000.00 | $40,817.25 | $0.00 | $40,817.25 |
| 4982 South Rainbow Blvd. | 9.878% | $375,000.00 | $37,042.50 | $0.00 | $37,042.50 |
| Total | | | | | **$181,856.60** |

## VI.  SUMMARY OF ASSETS AND LIABILITIES

The statement of affairs and schedules of assets and liabilities of the Debtors have previously been filed herein, and to the best of the knowledge, information and belief of the Debtors, these statements together with the monthly operating statements which have been filed on behalf of the Debtors, contain an accurate itemization of the Debtors' assets and liabilities prior to filing.  The Debtors' post-petition finances are, it feels, accurately reflected in the Monthly Operating Reports consistently filed on behalf of the Debtors since the date of the filing

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

of this petition.

**THE DEBTORS BELIEVE, TO THE BEST OF ITS KNOWLEDGE, INFORMATION AND BELIEF THAT THE ASSETS AND LIABILITIES SET FORTH HEREIN AND ON SAID SCHEDULES CONSTITUTE A FULL AND COMPLETE ESTIMATION OF ALL ASSETS AND LIABILITIES OF THE DEBTOR, AND AMOUNTS THEREOF (EXCLUDING INTEREST, ATTORNEY'S FEES AND ANY OTHER UNKNOWN OR VARIABLE FACTS, BEARING ON THE AMOUNT OF THE LIABILITIES). CREDITORS ARE URGED TO FULLY REVIEW WITH THEIR ATTORNEYS (AND CONSULT WITH THE DEBTOR AND THEIR ATTORNEYS) THE SCHEDULES OF ASSETS AND LIABILITIES FILED HEREIN.**

The Debtors believe that the valuation of its assets, set forth in the schedules of assets and liabilities filed herewith and in monthly post-petition operating reports, is a fair estimate of the book value thereof, if the assets are liquidated in an orderly fashion. However, in the event of the conversion of the Debtors' estate into a chapter 7 bankruptcy proceeding and the subsequent liquidation of its property over a short period of time (and possibly at forced sale values), it is highly possible that a significantly lower value might be received for Debtors' property. Therefore, the Debtors believe that it would achieve the greatest value for its property and recovery for creditors through a Plan of Reorganization, which will be proposed by the Debtors herein.

## VII. SUMMARY OF ASSETS AND LIABILITIES OF RELATED ENTITIES

Attached hereto as **Exhibit D** are personal financial statements for Carmine and Ann Vento and for the Vento Management Trust. The assets and liabilities listed on those financial statements are not assets or liabilities of the Vento Family Trust, but are provided here for informational purposes. The residence at 1520 MacDonald Ranch Drive is in a Qualified Personal Residence Trust that was created on or about May 15, 2009. In addition, many of the assets of the Vento Management Trust were transferred from the Debtor on or about May 15, 2009.

## VIII. SUMMARY OF NON-BANKRUPTCY LITIGATION

- 10 -

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Prior to the Petition Date, several properties owned by the Debtor were sold at trustee sale and litigation was commenced to recover deficiency claims.  The following cases are pending against the Debtor.  The outcome of these cases will affect the percentage distribution to Holders of Unsecured Claims as any judgments in these cases will increase the total amount of claims in Class 7 below.

| Breach of contract action filed by City National Bank (Case A-10-626177-C) | This case is close to settlement, with the parties having agreed to the value of the property that was sold through foreclosure.  Litigation counsel for the Debtor believes that the total judgment will be around $400,000. |
|---|---|
| Breach of contract action filed by Bank of North Las Vegas (Case A-11-638749-C) | This case is set for a hearing on a motion for summary judgment.  The Debtor has opposed the motion.  The principal balance on the date of the foreclosure sale was alleged to be $6,313,053.47.  The bank alleges a fair market value of $3,700,000.  The Debtor believes the fair market value was substantially higher. |
| Application for deficiency judgment filed by Nevada Commerce Bank (Case A-10-631689-B) | In this case, the plaintiff has requested a hearing to prove its damages.  The amount owed on the loan was approximately $2,675,000 and the plaintiff alleges a fair market value of $2.2 million. |

In addition, the Debtor is the plaintiff in the following actions.  The outcome of these cases may affect the plan because they constitute unliquidated assets of the bankruptcy estate.

| Breach of contract action currently pending in Clark County District Court against 4K Enterprises, LLC, Case No. A-10-612844-C | This is an action for breach of a lease, promissory note, and guaranty relating to the sale of a restaurant.  This matter has set for trial in June 2012. |
|---|---|
| Breach of contract action currently pending in Clark County District Court against ISB, LLC, Case No. A-10-628129-C | This is an action for breach of a lease, promissory note, and guaranty relating to the sale of a restaurant.  An appeal on certain issues in this case has been resolved by the Nevada Supreme Court and an answer is expected to be filed to the Debtor complaint in the next few weeks. |

## IX.  CLASSIFICATION OF CLAIMS AND INTERESTS

Classes of Claims.  The Claims of the Creditors are separated into designated Classes

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

based upon the nature of the Claim.  The following provisions identify the different Classes of

Claims that have been designated for the purposes of this Plan.  Pursuant to Bankruptcy Code

§1123(a)(1), Administrative Claims under Bankruptcy Code §507(a)(1); Gap Period Claims

under Bankruptcy Code §507(a)(2); and Priority Tax Claims under Bankruptcy Code §507(a)(8)

are excluded from class designation.  The treatment of these Claims is provided in Article IV of

the Plan separately from the treatment of the Claims included in the following designated

Classes.

Class 1.        All Allowed Claims entitled to priority under § 507 of the Bankruptcy

Code (except Administrative Claims and Priority Tax Claims).

Class 2A.       The Allowed Secured Claim of Bank of Las Vegas (645 Carnegie)

Class 2B.       The Allowed Secured Claim of Bank of Las Vegas (2940 Durango)

Class 2C.       The Allowed Secured Claim of Bank of Las Vegas (Arroyo Grande Land)

Class 2D.       The Allowed Secured Claim of Bank of Las Vegas (6737 Spencer)

Class 3.        The Allowed Secured Claim of Bank of North Las Vegas

Class 4A.       The Allowed Secured Claim of Bank of Nevada (191 Arroyo Grande)

Class 4B.       The Allowed Secured Claim of Bank of Nevada (2211 Maryland

Parkway)

Class 5.        The Allowed Secured Claim of Service 1st Bank

Class 6.        The Allowed Secured Claim of Giacomo Caragiulo

Class 7.        General Unsecured Creditors.

Class 8.        Equity Security Holders of the Debtor.

## X.  TREATMENT OF CLAIMS

Treatment of Claims.  The treatment of any Claim under this Plan is determined by

whether the Claim is an Allowed Claim and by the Class into which such Claim is placed.  In

order for the Holder of a Claim to participate in this Plan, the Claim must be an Allowed Claim.

Only the Holders of Allowed Claims will receive the payments and distributions provided for the

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

1    various Classes of Claims under this Plan.

2        Class 1.  Class 1 is unimpaired by the Plan, and each holder of a Class 1 Priority Claim

3    will be paid in full, in cash, upon the later of the Effective Date, or the date on which such claim

4    is allowed by a Final Order.

5        Class 2A.  Class 2A, the Allowed Secured Claim of Bank of Las Vegas (645 Carnegie) is

6    impaired by this Plan.  The Claim in this Class was approximately $2,643,000 as of the Petition

7    Date and is secured by a deed of trust on property located at 645 Carnegie Street, Henderson,

8    Nevada.  The holder of the Class 2A claim shall be paid the full amount of its claim, with

9    interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor shall pay

10   Bank of Las Vegas 24 regular monthly payments of $9,911.25, representing interest-only

11   payments at 4.5% interest.  Thereafter, the Reorganized Debtor will commence monthly

12   payments of $13,391.69, representing the full amount of the debt amortized over 30 years at

13   4.5% interest.

14       Class 2B.  Class 2B, the Allowed Secured Claim of Bank of Las Vegas (2940 Durango),

15   is impaired by this Plan.  The Claim in this Class was approximately $2,355,000 as of the

16   Petition Date and is secured by a deed of trust on property located at 2940 Durango Boulevard,

17   Las Vegas, Nevada.  The holder of the Class 2B claim shall be paid the full amount of its claim,

18   with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor shall

19   pay Bank of Las Vegas 24 regular monthly payments of $8,831.25, representing interest-only

20   payments at 4.5% interest.  Thereafter, the Reorganized Debtor will commence monthly

21   payments of $11,932.44, representing the full amount of the debt amortized over 30 years at

22   4.5% interest.

23       Class 2C.  Class 2C, the Allowed Secured Claim of Bank of Las Vegas (Arroyo Grande

24   Land), is impaired by this Plan.  The Claim in this Class was approximately $90,000 as of the

25   Petition Date and is secured by a deed of trust on vacant land on Arroyo Grande.  The holder of

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

the Class 2C claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor will commence monthly payments of $688.49, representing the full amount of the debt amortized over 15 years at 4.5% interest.

Class 2D.  Class 2D, the Allowed Secured Claim of Bank of Las Vegas (6737 Spencer), is impaired by this Plan.  The Claim in this Class was approximately $690,000 as of the Petition Date and is secured by a deed of trust on property located at 6737 Spencer Street, Las Vegas, Nevada.  The holder of the Class 2D claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor shall pay Bank of Las Vegas 24 regular monthly payments of $2,587.50, representing interest-only payments at 4.5% interest.  Thereafter, the Reorganized Debtor will commence monthly payments of $3,496.13, representing the full amount of the debt amortized over 30 years at 4.5% interest.

Class 3.  Class 3, the Allowed Secured Claim of Bank of North Las Vegas, is impaired by this Plan.  The Claim in this Class was approximately $90,000 as of the Petition Date and is secured by a second deed of trust on property located at 6737 Spencer Street, Las Vegas, Nevada.  The holder of the Class 3 claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor will commence monthly payments of $483.14, representing the full amount of the debt amortized over 30 years at 5% interest.

Class 4A.  Class 4A, the Allowed Secured Claim of Bank of Nevada (191 Arroyo Grande), is impaired by this Plan.  The Claim in this Class was approximately $2,050,000 as of the Petition Date and is secured by a deed of trust on property located at 191 Arroyo Grande, Henderson, Nevada.  The holder of the Class 4A claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor will commence 84 monthly payments of $12,284.58, representing the full amount of the debt

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

amortized over 25 years at 5.25% interest, with the remaining principal balance due in full 84 months after the Effective Date.

Class 4B.  Class 4B, the Allowed Secured Claim of Bank of Nevada (2211 Maryland Parkway), is impaired by this Plan.  The Claim in this Class was approximately $407,910 as of the Petition Date and is secured by a deed of trust on property located at 2211 Maryland Parkway, Henderson, Nevada.  The holder of the Class 4B claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor will commence 84 monthly payments of $2,444.39, representing the full amount of the debt amortized over 25 years at 5.25% interest, with the remaining principal balance due in full 84 months after the Effective Date.

Class 5.  Class 5, the Allowed Secured Claim of Service 1st Bank, is impaired by this Plan.  The Claim in this Class was approximately $2,200,000 as of the Petition Date and is secured by a deed of trust on property located at 445 Marks Street, Henderson, Nevada.  The holder of the Class 5 claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor shall commence monthly payments of $7,300 for the first 12 months following the Effective Date.  Of this amount, $1,000 will be applied to principal with the remaining $6,300 being applied to interest.  For the 13th through the 24th months following the Effective Date, monthly payments would increase to $8,500.  Beginning with the 25th month following the Effective Date, the adjusted monthly payment amount will be an amount mutually agreed upon between the Reorganized Debtor and Service 1st Bank, determined by the cash flow of the property as of the 24th month, but in no case less than $10,500/month, which $10,500 monthly payment would be based upon a 4% fixed rate of interest amortized over 30 yrs.  The Reorganized Debtor will provide Service 1st Bank with monthly operating statements for this specific property (in addition to the mandated monthly operating reports).

Class 6.  Class 6, the Allowed Secured Claim of Giacomo Caragiulo, is impaired by this Plan.  The Claim in this Class was approximately $50,000 as of the Petition Date and is secured by a deed of trust on raw land located at the Southwest corner of Las Vegas Boulevard and

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Richmar, Las Vegas, Nevada (the "Richmar Land"), which has been valued at approximately $32,670.00. The holder of the Class 6 claim shall receive the Richmar Land in full satisfaction of his claim.

Class 7. Allowed Unsecured Claim holders will be paid their Pro Rata share of monthly payments of $4,000.00 for sixty (60) months, beginning on the Effective Date. The total amount paid to Allowed Unsecured Claims will total $240,000. The claims in this class consist primarily of deficiency claims on properties that were sold at trustees' sale prior to the Petition Date. The Debtor believes that the total amount of these claims will exceed $2 million. The percentage distribution to Class 7 creditors will depend upon the outcome of these claims.

Class 8. Allowed Equity Interest holders shall retain their interest in the Debtor and the Reorganized Debtor. All Allowed Equity Interest holders have agreed to remain employed by the Reorganized Debtor during the term of the Plan. The retention of these interest holders as key employee insiders is essential to the Debtor's proposed reorganization. In addition, the Allowed Equity Interest holders shall make payments from their personal assets into the plan of $1,000 per month for 24 months beginning 12 months after the Effective Date. Accordingly, Allowed Equity Interest holders shall retain their interest in the remaining property of the Reorganized Debtor and shall receive any remaining residuary interest after payment is made to all claims pursuant to the terms of the Plan.

Administrative Claims. The amount of each Allowed Administrative Claim shall be determined using normal procedures for the establishment and verification of Claims. Under the Plan, each holder of an Allowed Administrative Claim will be paid the amount of such Allowed Administrative Claim, in cash, on the Effective Date.

Gap Period Claims. The amount of each Allowed Gap Period Claim shall be determined using normal procedures for the establishment and verification of Claims. Under this Plan, each Holder of an Allowed Gap Period Claim will be paid the amount of such Allowed Gap Period Claim, in cash, on the Effective Date.

Priority Tax Claims. The amount of each Allowed Priority Tax Claim shall be determined using normal procedures for the establishment and verification of Claims. Each

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

holder of an Allowed Priority Tax Claim will be paid in equal monthly installments within five years of the date of assessment.

Objections to Claims.  Any Claim set forth on a Proof of Claim that was filed with the Bankruptcy Court prior to the Bar Date shall be deemed to be an Allowed Claim unless the Debtor, the Committee, or any Creditor or other party in interest files an Objection to the allowance of such Claim, the amount of such Claim, or the classification of such Claim.  All Objections to Claims under this Plan, including Objections as to whether a Claim is an Allowed Claim, the amount of any Allowed Claim, and the Class to which any Allowed Claim belongs, shall be determined by the Bankruptcy Court.  Unless extended by the Bankruptcy Court, all Objections to Claims in this Plan shall be filed within sixty (60) days after the Effective Date.

Disputed Claims.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## XI.  MISCELLANEOUS

**A.  Retention of Jurisdiction.**

The Court shall retain jurisdiction of this case for the following purposes:

(1)    allowance of compensation and other administrative expenses;

(2)    resolution of objections to claims;

(3)    resolution of all objections, conflicts, controversies or disputes arising out of the sale of assets of the estate and to provide for additional time for sale of any assets if necessary;

(4)    correction of any defect, omission or inconsistency in the Plan, or the order confirming the Plan as may be necessary to carry out the purposes and intent of the Plan;

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

(5)     modification of the Plan in accordance with the provisions of 11 U.S.C. § 1127;

(6)     resolution of all questions and disputes regarding title to property and resolution of all causes of action, controversies, disputes or conflicts arising out of the Plan, the order confirming the Plan, or any other order issued with respect to the Plan, including, without limitation, disputes arising out of the failure of the Debtors, any creditor, or other party in interest to perform obligations required under the Plan;

(7)     resolution of requests to close or reopen this case; and,

(8)     assumption or rejection of Executory Contracts which are not discovered or proved to be valid as against the Debtor prior to the Confirmation Date, and allowance of claims for damages as to rejection of such Executory Contracts.

**B.     Effect of Confirmation**

The Plan provides that the entry of the confirmation order discharges and terminates, as of the Effective Date, all Claims against Vento that arose at any time before the confirmation order was entered.  The discharge of Vento under the Plan will be effective as to any claims against Vento, regardless of whether a proof of claim thereof was scheduled or filed, whether the claim is an Allowed Claim or whether the holder thereof has voted to accept or reject the Plan.

**C.     Effective Date**

The Effective Date is defined in the Plan.  Many important events under the Plan occur on or after the Effective Date.

**D.     Substantial Confirmation**

The Plan will be deemed to be substantially consummated upon the Effective Date.

**E.     Reservation of Rights**

The filing of the Plan, any statement or provision contained in the Plan, or any action by any party with respect to the Plan, shall not be considered an admission against interest or a waiver of any rights, except as stated in the Plan as finally confirmed.  In the event the Plan is not confirmed, the Plan, any statement or provision contained in the Plan may not be used or relied upon in any suit, action, controversy or other proceeding.

**F.     Right to Withhold Confirmation Order or Not to Proceed**

If there are any impediments or delays in confirming the Plan, the Debtor reserves the rights to withhold the order confirming the Plan or proceed under the Plan until such time as the

- 18 -

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Plan has been confirmed by the Court and the Effective Date under the Plan has passed.

## XII.  RISK FACTORS

In addition to other matters addressed elsewhere in this Disclosure Statement, the Plan involves certain significant risks that should be taken into consideration, including those material risk factors set forth below.

**A.      Risk of Non-Payment**

Upon the effectiveness of the Plan, Vento will have substantial debt.  While the projections included herein anticipate that Vento will be able to meet their debt service obligations, any forecast of future financial results must be based upon a number of assumptions that are subject to inherent uncertainties and contingencies, many of which are beyond the control of Vento.  Accordingly, there can be no assurance in this regard that Vento will be able to satisfy its debt obligations.

**B.      Tax Risks**

The federal, state, local and foreign tax consequences of the Plan are complex, and in many areas, uncertain.  Holders of Claims are strongly urged to consult their tax advisers for specified reference to the federal, state, local and foreign tax consequences of the Plan with respect to their Claim.  Vento makes no assurances regarding the federal, state, local and foreign tax consequences of the Plan with respect to any Claim.

**C.      Risk of Non-Confirmation of the Plan**

Even if the requisite acceptances are received, the Plan may not be confirmed by the Bankruptcy Court, which sits as a court of equity and may exercise substantial discretion. Confirmation of the Plan requires, among other things, a finding by the Bankruptcy Court that there will not be a need for further financial reorganization, and that the value of distributions to Classes of dissenting Creditors not be less than the value of distributions such creditors would receive if Vento was liquidated under chapter 7 of the Bankruptcy Code.  Although Vento believes that the Plan will not be followed by a further need for financial reorganization and that dissenting Creditors will receive distributions at least as great as they would receive in a liquidation under chapter 7 of the Bankruptcy Code, there can be no assurance that the

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Bankruptcy Court will conclude that these tests have been met.  Furthermore, the effectiveness of the Plan is subject to certain conditions and there can be no assurance that such conditions will be satisfied.

### XIII.  ACCEPTANCE AND CONFIRMATION

**A.**     **Voting Procedures**

1.  Generally.

Only those Classes that are impaired under the Plan are entitled to vote to accept or reject the Plan.  In that regard, Classes  2A, 2B, 2C, 2D, 3, 4A, 4B, 5, 6, and 7 are impaired under the Plan and are entitled to vote.  Classes entitled Priority Tax Claims, Administrative Claims and Disputed Claims are not impaired under the Plan and are deemed to have accepted the Plan without voting.  The Debtors reserve the right to supplement this Disclosure Statement (if necessary) and to solicit any of the Classes which may prove to be impaired, as the Reorganization Case develops further.

Ballots will be sent to the known holders of Claims whether or not such Claims are disputed.  (Attached hereto as **Exhibit E** is the form of Ballot proposed by the Debtors).  However, only the holders of Allowed Claims (or Claims that have been temporarily allowed or have been estimated by the Bankruptcy Court), who are impaired are entitled to vote on the Plan.  A Claim to which an objection has been filed is not an Allowed Claim unless and until the Bankruptcy Court rules on the objection and any appeals are determined.  The holders of such Disputed Claims are not entitled to vote on the Plan unless they request that the Bankruptcy Court, pursuant to Bankruptcy Rule 3018, temporarily allow the Claims in appropriate amount solely for the purpose of enabling the holders of such Disputed Claims to vote on the Plan; and the Bankruptcy Court does so.

2.  Incomplete Ballots.

Ballots that are signed, dated, and timely received, but on which a vote to accept or reject the Plan has not been indicated, will be regarded as a vote for acceptance of the Plan.  In addition, unless otherwise indicated, a vote cast by a Person will constitute an acceptance or rejection of the Plan with respect to each Allowed Claim held, directly or indirectly, by such

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

1    Person.

2        3.  <u>Waivers of Defects, Irregularities, etc.</u>

3        Unless otherwise directed by the Bankruptcy Court, all questions as to validity, form,

4    eligibility (including time of receipt), acceptance and revocation or withdrawal of Ballots will be

5    determined by the Debtors in their sole discretion, whose determination will be final and binding.

6    As indicated below under "Withdrawal of Ballots", effective withdrawals of Ballots must be

7    delivered to the Debtors prior to the voting deadline.  The Debtors reserve the absolute right to

8    contest the validity of such withdrawal.  The Debtors also reserves the right to reject any and all

9    Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or its

10   counsel, be unlawful.  The Debtors further reserves the right to waive any defects or

11   irregularities or conditions of delivery as to any particular Ballot.  The interpretation (including

12   the Ballot and instructions thereto) by the Debtors, unless otherwise directed by the Bankruptcy

13   Court, will be final and binding on all parties.  Unless waived, any defects or irregularities have

14   not theretofore been cured or waived) will be invalidated.

15       4.  <u>Withdrawal of Ballots; Revocation.</u>

16       Any creditor holding an Allowed Claim which is impaired who has delivered a Ballot for

17   or against the acceptance of the Plan may withdraw such acceptance or rejection by delivering a

18   written notice of withdrawal to the Debtors at any time prior to the voting deadline.

19       A notice of withdrawal, to be valid, must: (i) contain the description of the Claim to

20   which it relates and the amount of such Claim; (ii) be signed by the voting Creditor, in the same

21   manner as the Ballot; and (iii) be received by the Debtor in a timely manner at the address et

22   forth below.  As indicated above, the Debtors expressly reserves the right to contest the validity

23   of any such withdrawals of Ballots.

24       Unless otherwise directed by the Bankruptcy Court, a purported notice of withdrawal of

25   Ballots which is not received in a timely manner will not be effective to withdraw a previously

26   furnished Ballot.

27       5.  <u>Submission of Ballots.</u>

28       The forms of Ballot for each of the Classes entitled to vote on the Plan will be sent to all

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Creditors with a copy of the Disclosure Statement approved by the Bankruptcy Court, the Plan, and the Appendix of Exhibits.  Creditors should read the Ballot carefully.  If any Creditor has any questions concerning voting procedures, that Creditor may contact:

> Jason C. Farrington, Esq.
> **TIMOTHY S. CORY & ASSOCIATES**
> 8831 West Sahara Avenue
> Las Vegas, Nevada  89135
> (702) 388-1996

Ballot(s) must be returned to:

> Jason C. Farrington, Esq.
> **TIMOTHY S. CORY & ASSOCIATES**
> 8831 West Sahara Avenue
> Las Vegas, Nevada  89135
> (702) 388-1996

Ballots must be postmarked by no later than 5:00 p.m. on_____, 2010.

## XIV.  ALTERNATIVES TO THE PLAN

Vento believes that the Plan and the debt restructuring contemplated therein will enable Vento to continue to operate its business on a going concern basis.  Liquidation will not provide a full return on all Allowed Claims.  Vento also believes that the Plan provides the greatest possible recovery to all Creditors.  Vento believes that the Plan, as described herein, enables all Creditors to receive payment of their Allowed Claims as quickly as possible.

## XV.  HEARING ON CONFIRMATION

The hearing on confirmation of the Plan has been set for _____, 2011, at the hour of 9:30 a.m. before the Honorable Mike K. Nakagawa, United States Bankruptcy Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada, 89101, on the Third Floor in Courtroom No.  2.   In addition, all objections must be in writing, filed with the Court, and a copy served on Debtors' counsel no later than _____, 2011. If there are any impediments or delays in confirming the Plan, the Debtor reserves its right to withhold any order confirming the Plan or not proceed under the Plan until such time as the Plan has been confirmed by the Court and no appeals have been filed related to the order confirming the Plan.

**A.**       **Effect of Confirmation**

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

1    The provisions of the Plan shall bind all parties in interest whether or not such parties are

2  impaired under the Plan and whether or not such parties have accepted the Plan.

3  **B.    Consequence of the Failure to Confirm the Plan**

4    In the event that the requirements for confirmation of the Plan are not satisfied, the Debtor

5  believes that it will be necessary to revise the Plan in order to achieve confirmation or move the

6  Court to convert the case to a case under chapter 7.

7  DATED this 31st day of October, 2011.

8

9                                      TIMOTHY S. CORY & ASSOCIATES

10

11

12            _/s/ Jason C. Farrington_____.
              Timothy S. Cory
13            Jason C. Farrington
              8831 West Sahara Avenue
14            Las Vegas, Nevada 89117
              Attorneys for the Debtor
15

16

17

18

19

20

21

22

23

24

25

26

27

28

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Exhibit A

1  TIMOTHY S. CORY, ESQ.                                    E-filed:  October 31, 2011
   Nevada Bar No. 1972
2  JASON C. FARRINGTON, ESQ.
   Nevada Bar No. 8063
3  **TIMOTHY S. CORY & ASSOCIATES**
   8831 West Sahara Avenue
4  Las Vegas, Nevada 89117
   Telephone (702) 388-1996
5  tim.cory@corylaw.us

6

7  Attorneys for the Debtor

8                    **UNITED STATES BANKRUPTCY COURT**

9                          **DISTRICT OF NEVADA**

10

11  IN RE:                                    Case No. 10-33909-MKN

12  VENTO FAMILY TRUST,                       Chapter 11

13

14                    Debtor.

15

16                  **CHAPTER 11 PLAN OF REORGANIZATION**

17                             **ARTICLE I**

18                              **SUMMARY**

19
        This Plan of Reorganization (the "Plan") under chapter 11 of Title 11 of the United States
20
    Code (the "Bankruptcy Code") proposes to pay creditors of the Vento Family Trust ("Vento" or
21
    the "Debtor") from cash flow from operations**.**  This Plan provides for eight classes of secured
22
    claims, one class of unsecured claims, and one class of equity security holders.  Unsecured
23
    creditors holding allowed claims will receive distributions totaling $240,000.00.  This Plan also
24
    provides for the payment in full of administrative and priority claims.
25
        All creditors and equity security holders should refer to Articles III through VII of this Plan
26
    for information regarding the precise treatment of their claim.  A disclosure statement that provides
27
    more detailed information regarding this Plan and the rights of creditors and equity security
28

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

holders has been circulated with this Plan.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

2.01    "Administrative Claim" means a Claim:

(a) that is entitled to allowance under Bankruptcy Code § 503(b), or which is otherwise entitled to priority pursuant to Bankruptcy Code § 507(a)(1); or

(b) required to be paid under Bankruptcy Code § 365(b), in connection with curing of defaults of assumed executory contracts and unexpired leases.

2.02    "Allowed Claim" means a claim, other than an Administrative Expense Claim, against the Debtor or the Estate to the extent that:

(a)  A Proof of Claim with respect thereto was:

(i)    timely filed pursuant to any order of the Bankruptcy Court;

(ii)    or deemed filed pursuant to Bankruptcy Code § 1111(a); or

(iii)    late filed after hearing on notice to Debtor and all Creditors and parties in interest and with leave of the Bankruptcy Court; and

(b)  The Claim is not a Disputed Claim and no party in interest has filed an objection to such Claim in the Bankruptcy Case within the time prescribed by a Final Order of the Bankruptcy Court or within the time prescribed within this First Amended Plan, or if an objection to such Claim has been filed:

(i)    The Claim is allowed by a Final Order; or

- 2 -

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

(ii)    The Claim is allowed under this First Amended Plan.

2.03    "Allowed Equity Interest" means the ownership interest held by the owners of the Debtor, which include Carmine Vento and Ann Vento.

2.04    "Allowed Unsecured Claim" means an Unsecured Claim that is an Allowed Claim.

2.05    "Ballot" means the Ballot for accepting or rejecting this First Amended Plan in a form approved by the Bankruptcy Court.

2.06    "Ballot Date" means the last date determined by the Bankruptcy Court for the casting of Ballots.

2.07    "Confirmation Date" means the date the Confirmation Order is entered on the Bankruptcy Court's docket.

2.08    "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129, entered on the Bankruptcy Court's docket.

2.09    "Disclosure Statement" means the written Disclosure Statement for this Plan that is approved by the Bankruptcy Court pursuant to Bankruptcy Code § 1125.

2.10    "Effective Date" means the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the Confirmation Order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the Confirmation Order has not been vacated.

2.11    "Estate" means the estate created in the Reorganization Case by Bankruptcy Code § 541.

2.12    "Final Order" means an order, judgment or other decree of the Bankruptcy Court which has not been reversed, stayed, modified or amended and (I) as to which an appeal or certiorari proceeding that has been or may be taken has been finally resolved, or (ii) as to which

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

the time for appeal or certiorari proceeding has expired and as to which no appeal or petition for certiorari is pending.

2.13    "Petition Date" means December 27, 2010, the date on which a petition for relief under Chapter 11 of the Bankruptcy Code was filed commencing the Reorganization Case.

2.14    "Plan" means this Plan of Reorganization in the form filed by the Debtor and amendments of supplements made thereto in accordance with the Bankruptcy Code.

2.15    "Priority Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(2)(7).

2.16    "Priority Tax Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

2.17    "Reorganization Case" means the Debtor's case under Chapter 11 of the Bankruptcy Code which is currently pending before the Bankruptcy Court as Case No. BK-S-10-33909-MKN.

2.18    "Reorganized Debtor" means Vento Family Trust on and after the Confirmation Date.

2.19    "Secured Claim" means a claim secured by a lien to the extent of the value of the property of the Debtor or of the Estate securing such claim.

2.20    "Unsecured Claim" means any claim that is not a Secured Claim, a Priority Claim, an Administrative Claim, or an Allowed Equity Interest.

### ARTICLE III

### CLASSIFICATION OF CLAIMS AND INTERESTS

3.01    Class 1.        All Allowed Claims entitled to priority under § 507 of the

Bankruptcy Code (except Administrative Claims and Priority Tax

Claims).

3.02    Class 2A.        The Allowed Secured Claim of Bank of Las Vegas (645 Carnegie)

- 4 -

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

3.03    Class 2B.    The Allowed Secured Claim of Bank of Las Vegas (2940 Durango)

3.04    Class 2C.    The Allowed Secured Claim of Bank of Las Vegas (Arroyo Grande Land)

3.05    Class 2D.    The Allowed Secured Claim of Bank of Las Vegas (6737 Spencer)

3.06    Class 3.    The Allowed Secured Claim of Bank of North Las Vegas

3.07    Class 4A.    The Allowed Secured Claim of Bank of Nevada (191 Arroyo Grande)

3.08    Class 4B.    The Allowed Secured Claim of Bank of Nevada (2211 Maryland Parkway)

3.09    Class 5.    The Allowed Secured Claim of Service 1st Bank

3.10    Class 6.    The Allowed Secured Claim of Giacomo Caragiulo

3.11    Class 7.    General Unsecured Creditors.

3.12    Class 8.    Equity Security Holders of the Debtor.

**ARTICLE IV**

**TREATMENT OF ADMINISTRATIVE CLAIMS,
U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS**

4.01    Unclassified Claims.  Under section §1123(a)(1), Administrative Claims and Priority Tax Claims are not in classes.

4.02    Administrative Expense Claims.  Each holder of an Administrative Claim allowed under § 503 of the Bankruptcy Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

4.03    Priority Tax Claims.  Each holder of a Priority Tax Claim will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

- 5 -

4.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

**ARTICLE V**

**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

5.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the Effective Date, or the date on which such claim is allowed by a Final Order. |
| Class 2A – Allowed Secured Claim of Bank of Las Vegas (645 Carnegie) | Impaired | Class 2A, the Allowed Secured Claim of Bank of Las Vegas (645 Carnegie) is impaired by this Plan.  The Claim in this Class was approximately $2,643,000 as of the Petition Date and is secured by a deed of trust on property located at 645 Carnegie Street, Henderson, Nevada.  The holder of the Class 2A claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor shall pay Bank of Las Vegas 24 regular monthly payments of $9,911.25, representing interest-only payments at 4.5% interest.  Thereafter, the Reorganized Debtor will commence monthly payments of $13,391.69, representing the full amount of the debt amortized over 30 years at 4.5% interest. |

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

| | | |
|---|---|---|
| Class 2B – Allowed Secured Claim of Bank of Las Vegas (2940 Durango) | Impaired | Class 2B, the Allowed Secured Claim of Bank of Las Vegas (2940 Durango), is impaired by this Plan. The Claim in this Class was approximately $2,355,000 as of the Petition Date and is secured by a deed of trust on property located at 2940 Durango Boulevard, Las Vegas, Nevada. The holder of the Class 2B claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor shall pay Bank of Las Vegas 24 regular monthly payments of $8,831.25, representing interest-only payments at 4.5% interest. Thereafter, the Reorganized Debtor will commence monthly payments of $11,932.44, representing the full amount of the debt amortized over 30 years at 4.5% interest. |
| Class 2C – Allowed Secured Claim of Bank of Las Vegas (Arroyo Grande Land) | Impaired | Class 2C, the Allowed Secured Claim of Bank of Las Vegas (Arroyo Grande Land), is impaired by this Plan. The Claim in this Class was approximately $90,000 as of the Petition Date and is secured by a deed of trust on vacant land on Arroyo Grande. The holder of the Class 2C claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor will commence monthly payments of $688.49, representing the full amount of the debt amortized over 15 years at 4.5% interest. |
| Class 2D – Allowed Secured Claim of Bank of Las Vegas (6737 Spencer) | Impaired | Class 2D, the Allowed Secured Claim of Bank of Las Vegas (6737 Spencer), is impaired by this Plan. The Claim in this Class was approximately $690,000 as of the Petition Date and is secured by a deed of trust on property located at 6737 Spencer Street, Las Vegas, Nevada. The holder of the Class 2D claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor shall pay Bank of Las Vegas 24 regular monthly payments of $2,587.50, representing interest-only payments at 4.5% interest. Thereafter, the Reorganized Debtor will commence monthly payments of $3,496.13, representing the full amount of the debt amortized over 30 years at 4.5% interest. |

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

| Class 3 – Allowed Secured Claim of Bank of North Las Vegas | Impaired | Class 3, the Allowed Secured Claim of Bank of North Las Vegas, is impaired by this Plan. The Claim in this Class was approximately $90,000 as of the Petition Date and is secured by a second deed of trust on property located at 6737 Spencer Street, Las Vegas, Nevada. The holder of the Class 3 claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor will commence monthly payments of $483.14, representing the full amount of the debt amortized over 30 years at 5% interest. |
|---|---|---|
| Class 4A - Allowed Secured Claim of Bank of Nevada (191 Arroyo Grande) | Impaired | Class 4A, the Allowed Secured Claim of Bank of Nevada (191 Arroyo Grande), is impaired by this Plan. The Claim in this Class was approximately $2,050,000 as of the Petition Date and is secured by a deed of trust on property located at 191 Arroyo Grande, Henderson, Nevada. The holder of the Class 4A claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor will commence 84 monthly payments of $12,284.58, representing the full amount of the debt amortized over 25 years at 5.25% interest, with the remaining principal balance due in full 84 months after the Effective Date. |
| Class 4B - Allowed Secured Claim of Bank of Nevada (2211 Maryland Parkway) | Impaired | Class 4B, the Allowed Secured Claim of Bank of Nevada (2211 Maryland Parkway), is impaired by this Plan. The Claim in this Class was approximately $407,910 as of the Petition Date and is secured by a deed of trust on property located at 2211 Maryland Parkway, Henderson, Nevada. The holder of the Class 4B claim shall be paid the full amount of its claim, with interest, as set forth below. Beginning on the Effective Date, the Reorganized Debtor will commence 84 monthly payments of $2,444.39, representing the full amount of the debt amortized over 25 years at 5.25% interest, with the remaining principal balance due in full 84 months after the Effective Date. |

| | | |
|---|---|---|
| Class 5 – Allowed Secured Claim of Service 1st Bank | Impaired | Class 5, the Allowed Secured Claim of Service 1st Bank, is impaired by this Plan.  The Claim in this Class was approximately $2,200,000 as of the Petition Date and is secured by a deed of trust on property located at 445 Marks Street, Henderson, Nevada.  The holder of the Class 5 claim shall be paid the full amount of its claim, with interest, as set forth below.  Beginning on the Effective Date, the Reorganized Debtor shall commence monthly payments of $7,300 for the first 12 months following the Effective Date.  Of this amount, $1,000 will be applied to principal with the remaining $6,300 being applied to interest.  For the 13th through the 24th months following the Effective Date, monthly payments would increase to $8,500.  Beginning with the 25th month following the Effective Date, the adjusted monthly payment amount will be an amount mutually agreed upon between the Reorganized Debtor and Service 1st Bank, determined by the cash flow of the property as of the 24th month, but in no case less than $10,500/month, which $10,500 monthly payment would be based upon a 4% fixed rate of interest amortized over 30 yrs.  The Reorganized Debtor will provide Service 1st Bank with monthly operating statements for this specific property (in addition to the mandated monthly operating reports). |
| Class 6 – Allowed Secured Claim of Giacomo Caragiulo | Impaired | Class 6, the Allowed Secured Claim of Giacomo Caragiulo, is impaired by this Plan.  The Claim in this Class was approximately $50,000 as of the Petition Date and is secured by a deed of trust on raw land located at the Southwest corner of Las Vegas Boulevard and Richmar, Las Vegas, Nevada, which has been valued at approximately $32,670.00.  The holder of the Class 6 claim shall receive the property that is the subject of the deed of trust in full satisfaction of his claim. |

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

| Class 7 - General Unsecured Creditors | Impaired | Allowed Unsecured Claim holders will be paid their Pro Rata share of monthly payments of $4,000.00 for sixty (60) months, beginning on the Effective Date. The total amount paid to Allowed Unsecured Claims will total $240,000. The claims in this class consist primarily of deficiency claims on properties that were sold at trustees' sale prior to the Petition Date. The Debtor believes that the total amount of these claims will exceed $2 million. The percentage distribution to Class 7 creditors will depend upon the outcome of these claims. |
|---|---|---|
| Class 8 - Equity Security Holders of the Debtor | Impaired | Allowed Equity Interest holders shall retain their interest in the Debtor and the Reorganized Debtor. All Allowed Equity Interest holders have agreed to remain employed by the Reorganized Debtor during the term of the Plan. The retention of these interest holders as key employee insiders is essential to the Debtor's proposed reorganization. In addition, the Allowed Equity Interest holders shall make payments from their personal assets into the plan of $1,000 per month for 24 months beginning 12 months after the Effective Date. Accordingly, Allowed Equity Interest holders shall retain their interest in the remaining property of the Reorganized Debtor and shall receive any remaining residuary interest after payment is made to all claims pursuant to the terms of the Plan. |

**ARTICLE VI**

**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

6.01     Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.02     Delay of Distribution on a Disputed Claim. No distribution will be made on

- 10 -

account of a disputed claim unless such claim is allowed by a final non-appealable order.

6.03    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE VII**

**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

7.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan:

(i)    Cell tower lease with Clearwire US, LLC, 4400 Carillion Point, Kirkland, Washington 98033, for tower located at 645 Carnegie, Henderson, Nevada.

(ii)    Cell tower lease with Metro PCS, 500 Amigo Court, Suite 130, Las Vegas, Nevada 89119, for tower located at 2940 Durango, Las Vegas, Nevada.

(iii)    Cell tower lease with T-Mobile USA, Inc., 1420 Fifth Avenue, Seattle, Washington 98101, for tower located at 2940 Durango, Las Vegas, Nevada.

(iv)    Cell tower lease with T-Mobile USA, Inc., 1420 Fifth Avenue, Seattle, Washington 98101, for tower located at 191 Arroyo Grande, Henderson, Nevada.

(v)    Billboard lease with The Lamar Companies, 1863 Helm Drive, Las Vegas, Nevada 89119, for billboard located at 2211 S. Maryland Parkway, Las Vegas, Nevada

(b)    The Debtor will be conclusively deemed to have rejected all executory

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before

the Confirmation Date, upon the Effective Date of this Plan.  A proof of a claim arising from the

rejection of an executory contract or unexpired lease under this section must be filed no later

than sixty (60) days after the Confirmation Date.

## ARTICLE VIII

## MEANS FOR IMPLEMENTATION OF THE PLAN

8.01    <u>Operation and Management of the Reorganized Debtor</u>.  The Plan will be

executed through the continued operation of Sundown under the direction of its present

management.  After the Confirmation Date, the Reorganized Debtor shall maintain and keep all

assets in good repair, order and condition, shall maintain liability and casualty insurance, shall

file all tax returns and reports required by law or applicable regulations, shall not take or permit

to be taken by others under its direct or indirect control any action that is inconsistent with the

Plan or that would interfere with or prevent implementation of the Plan.  The Reorganized

Debtor shall retain the service of such professionals as it deems necessary to assist in the

implementation of the Plan.

## ARTICLE IX

## GENERAL PROVISIONS

9.01    <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to

implement and enforce the Confirmation Order and this Plan according to their terms, including

but not limited to:

(a)  Allowance of compensation and other administrative expenses;

(b)  Resolution of objection to claims;

(c)  Resolution of all objections, conflicts, controversies or disputes arising out of

the sale of assets of the estate and to provide for additional time for sale of any assets if

necessary;

(d)  Correction of any defect, omission or inconsistency in the Plan, of the

- 12 -

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

(e)  Modification of the Plan in accordance with the provisions of Bankruptcy Code § 1127;

(f)  Resolution of all questions and disputes regarding title to property and resolution of all causes of action, controversies, disputes or conflicts arising out of the Plan, the Confirmation Order, or any other order issued with respect to the Plan, including, without limitation, disputes arising out of the failure of the Reorganized Debtor, any creditor, or other party in interest to perform obligations required under the Plan;

(g)  Resolution of requests to close or reopen this case; and

(h)  Assumption or rejection of executory contracts that are not discovered or proved to be valid as against the Debtor prior to the Confirmation Date, and allowance of claims for damages as to rejection of such executory contracts.

9.02    <u>Headings</u>.  The headings in this Plan are for convenience only and shall not limit or otherwise effect the provisions of this Plan.

9.03    <u>Severability</u>.    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04    <u>Binding Effect</u>.    The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.05    <u>Controlling Effect</u>.    Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.06    <u>Notices</u>.  All notices, payments and correspondence required or permitted by the First Amended Plan, unless otherwise indicated, shall be either hand-delivered or mailed by first

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

class United States mail, postage prepaid, as follows:

    (a)  Debtor:           VENTO FAMILY TRUST
                                            _____
                                            Las Vegas, Nevada 891__

    (b)  Debtor's Counsel      TIMOTHY S. CORY & ASSOCIATES
                                            Attn: Jason C. Farrington, Esq.
                                            Lakes Business Park
                                            8831 West Sahara Avenue
                                            Las Vegas Nevada, 89117

    (c)  Other Parties         At the addresses set forth on the mailing matrix maintained in this case by clerk of the Bankruptcy Court.

    Notices shall be deemed given when hand-delivered or when mailed postage prepaid through the United States Postal Service.  Any address may be changed by sending written notice of such change to all persons to be charged with knowledge of such address change.

    9.07    <u>Reservation of Rights</u>.  The filing of the Plan, any statement or provision contained in the Plan, or any action by any party with respect to the Plan, shall not be considered an admission against interest or a waiver of any rights, except as stated in the Plan as finally confirmed.  In the event the Plan is not confirmed, the Plan, any statement or provision contained in the Plan may not be used or relied upon in any suit, action, controversy or other proceeding.

    9.08    <u>Right to Withhold Confirmation Order or Not to Proceed</u>.  If there are any impediments or delays in confirming the Plan, the Debtor reserves the rights to withhold the order confirming the Plan or proceed under the Plan until such time as the Plan has been confirmed by the Court and the Effective Date under the Plan has passed.

    9.09    <u>Amount of Claims</u>.  All references to claims and the amounts of claims refer to the amount of the Allowed Claim.  Creditors holding claims which have been objected to and which are not Allowed Claims prior to the Ballot Date shall not be entitled to vote on the Plan unless, upon request of the Creditor, the Bankruptcy Court estimates such Claim for voting purposes prior to the Ballot Date.

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

9.10  <u>Time</u>.  In computing any period of time described or allowed by this Plan, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is not a Business Day, in which event, the period runs until the end of the next day which is a Business Day. When the period of time prescribed or allowed is less than eight (8) days, intermediate days that are not Business Days shall be excluded from the computation.

9.11  <u>Confirmation by Cramdown</u>.  The Debtor may, at any time before the conclusion of the hearing of confirmation, verbally move the Bankruptcy Court to confirm the Plan as a "Cramdown" Plan as against a  non-consenting class or classes of claims pursuant to Bankruptcy Code § 1129(b).  Any class that does not vote to confirm this Plan is deemed to have rejected the Plan.

**ARTICLE X**

**<u>DISCHARGE</u>**

10.01  <u>Discharge</u>.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By: _____/s/ *Carmine Vento*_____/

Carmine Vento, Trustee
Vento Family Trust

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

- 15 -

1

2          By: ____/s/ *Jason C. Farrington*_____/

3              Timothy S. Cory, Esq.
              Jason C. Farrington
4              Attorneys for Vento Family Trust

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TIMOTHY S. CORY & ASSOCIATES
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 388-1996
Fax: (702) 382-7903

Exhibit B

*Vento Family Trust - Monthly Budget (1/2012 - 12/2012)*

| | 645 Carnegie | 2940 Durango | 2211 Maryland Pkwy. | 445 Marks Street | 191 Arroyo Grande | 6737 Spencer Street | Arroyo Grande Lots | San Papino Lots | Richmar Land | Business Income | Monthly Totals | 1/12 - 12/12 Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | |
| Building Rent | $18,000 | $8,830 | $2,000 | $7,300 | $6,500 50% | $3,000 | $0 | $0 | $0 | $83 | $45,714 | $548,562 |
| Cell Sites | $1,230 | $2,980 | $0 | $0 | $0 | $0 | $0 | $0 | $1,647 | $0 | $5,857 | $70,284 |
| Billboard(s) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $0 | $0 | $1,600 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $1,600 | $19,200 |
| **Total Income** | $19,230 | $11,810 | $3,600 | $7,300 | $6,500 | $3,000 | $0 | $0 | $1,647 | $83 | $53,171 | $638,046 |
| | | | | | | | | | | | | $0 |
| **Expense:** | | | | | | | | | | | | |
| Utilities | $0 | $0 | $0 | $0 | $0 | $350 | $0 | $0 | $0 | $0 | $350 | $4,200 |
| Property Taxes | $0 | $0 | $0 | $0 | $0 | $767 | $375 | $0 | $0 | $0 | $1,142 | $13,704 |
| Insurance | $0 | $0 | $0 | $0 | $0 | $250 | $0 | $0 | $0 | $0 | $250 | $3,000 |
| Landscaping | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Alarms | $0 | $0 | $0 | $0 | $0 | $50 | $0 | $0 | $0 | $0 | $50 | $600 |
| Association Fees | $0 | $0 | $0 | $0 | $0 | $750 | $0 | $0 | $0 | $0 | $750 | $9,000 |
| Other | $0 | $0 | $200 | $0 | $0 | $100 | $0 | $0 | $0 | $0 | $300 | $3,600 |
| Total Expenses: | $0 | $0 | $200 | $0 | $0 | $2,267 | $375 | $0 | $0 | $0 | $2,842 | $34,104 |
| | | | | | | | | | | | | $0 |
| Net Income Avail for Debt Service | $19,230 | $11,810 | $3,400 | $7,300 | $6,500 | $733 | -$375 | $0 | $1,647 | $83 | $50,329 | $603,942 |
| | | | | | | | | | | | | $0 |
| Proposed Plan Payment - 1st DOT | $9,911 | $8,830 | $2,300 | $7,300 | $6,500 | $2,588 | $689 | $1,976 | $0 | $0 | $40,094 | $481,128 |
| Proposed Plan Payment - 2nd DOT | $0 | $0 | $0 | $0 | $0 | $263 | $0 | $0 | $0 | $0 | $263 | $3,156 |
| Proposed Property Tax Payments | $0 | $250 | $63 | $275 | $0 | $117 | $59 | $0 | $0 | $0 | $764 | $9,168 |
| Proposed Payment to Unsecured Claims | | | | | | | | | | | $4,800 | $57,600 |
| Administrative Expense | | | | | | | | | | | $4,000 | $48,000 |
| | | | | | | | | | | | | |
| Excess/(Deficit) | $9,319 | $2,730 | $1,037 | -$275 | $0 | -$1,972 | -$1,123 | -$1,976 | $1,647 | $83 | $671 | $8,046 |

**Notes - Loan Payments:**
Carnegie payment is based on interest only payments @ 4.5% for 24 months.
Durango payment is based on interest only payments @ 4.5% for 24 months.
Maryland Parkway payment is based on P&I payments @ 5% for 7 years - 25 years amortization.
Marks Street payment is based on interest only payments @ 4% for 24 months.
191 Arroyo Grande payment is based on P&I payments @ 5% for 7 years - 25 year amortization.
Spencer payment (1st) is based on I/O payments at 4.5% for 24 months.
Spencer payment (2nd) is based on P&I payments @ 5% for 7 years - 25 year amortization.
Arroyo Grande Lots payment is based on P&I payments @ 4.5% for 15 years.
San Papino Lots payment is based on P&I payments @ 4.5% for 30 years.

**Notes - Plan Property Tax Payments:**
Durango - est. balance owing - $15,000/60 = $250/mo.
Maryland - est. balance owing - $3,800/60 = $63/mo.
Marks Street - $16,500/60 = $275/mo.
Spencer - est. balance owing $7,000/60 = $117/mo.
Arroyo Grande Lots - $3,500/60 = $59/mo.

**Other:**
Business Income - projected cash flow of Carmine's Italian Kitchen Marks Street and Durango.
Administrative Expense is being estimated at $250,000.

**Vento Family Trust - Monthly Budget (1/2013 - 12/2013)**

| | 645 Carnegie | 2940 Durango | 2211 Maryland Pkwy. | 445 Marks Street | 191 Arroyo Grande | 6737 Spencer Street | Arroyo Grande Lots | San Papino Lots | Richmar Land | Business Income | Monthly Totals | 1/13 - 12/13 Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | |
| Building Rent | $18,000 | $8,830 | $2,000 | $7,300 | $6,500 50% | $3,000 | $0 | $0 | $0 | $83 | $45,714 | $548,562 |
| Cell Sites | $1,230 | $2,980 | $0 | $0 | $0 | $0 | $0 | $0 | $1,647 | $0 | $5,857 | $70,284 |
| Billboard(s) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $0 | $0 | $1,600 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $1,600 | $19,200 |
| Other - C&A Vento | | | | | | | | | | | $1,000 | $12,000 |
| **Total Income** | $19,230 | $11,810 | $3,600 | $7,300 | $6,500 | $3,000 | $0 | $0 | $1,647 | $83 | $54,171 | $650,046 |
| | | | | | | | | | | | | $0 |
| **Expense:** | | | | | | | | | | | | $0 |
| Utilities | $0 | $0 | $0 | $0 | $0 | $350 | $0 | $0 | $0 | $0 | $350 | $4,200 |
| Property Taxes | $0 | $0 | $0 | $0 | $0 | $767 | $375 | $0 | $0 | $0 | $1,142 | $13,704 |
| Insurance | $0 | $0 | $0 | $0 | $0 | $250 | $0 | $0 | $0 | $0 | $250 | $3,000 |
| Landscaping | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Alarms | $0 | $0 | $0 | $0 | $0 | $50 | $0 | $0 | $0 | $0 | $50 | $600 |
| Association Fees | $0 | $0 | $0 | $0 | $0 | $750 | $0 | $0 | $0 | $0 | $750 | $9,000 |
| Other | $0 | $0 | $200 | $0 | $0 | $100 | $0 | $0 | $0 | $0 | $300 | $3,600 |
| Total Expenses: | $0 | $0 | $200 | $0 | $0 | $2,267 | $375 | $0 | $0 | $0 | $2,842 | $34,104 |
| | | | | | | | | | | | | $0 |
| Net Income Avail for Debt Service | $19,230 | $11,810 | $3,400 | $7,300 | $6,500 | $733 | -$375 | $0 | $1,647 | $83 | $51,329 | $615,942 |
| | | | | | | | | | | | | $0 |
| Proposed Plan Payment - 1st DOT | $9,911 | $8,830 | $2,300 | $7,300 | $6,500 | $2,588 | $689 | $1,976 | $0 | $0 | $40,094 | $481,128 |
| Proposed Plan Payment - 2nd DOT | $0 | $0 | $0 | $0 | $0 | $263 | $0 | $0 | $0 | $0 | $263 | $3,156 |
| Proposed Property Tax Payments | $0 | $250 | $63 | $275 | $0 | $117 | $59 | $0 | $0 | | $764 | $9,168 |
| Proposed Payment to Unsecured Claims | | | | | | | | | | | $4,800 | $57,600 |
| Administrative Expense | | | | | | | | | | | $5,000 | $60,000 |
| | | | | | | | | | | | | |
| Excess/(Deficit) | $9,319 | $2,730 | $1,037 | -$275 | $0 | -$1,972 | -$1,123 | -$1,976 | $1,647 | $83 | $671 | $8,046 |

**Notes - Loan Payments:**
Carnegie payment is based on interest only payments @ 4.5% for 24 months.
Durango payment is based on interest only payments @ 4.5% for 24 months.
Maryland Parkway payment is based on P&I payments @ 5% for 7 years - 25 years amortization.
Marks Street payment is based on interest only payments @ 4% for 24 months.
191 Arroyo Grande payment is based on P&I payments @ 5% for 7 years - 25 year amortization.
Spencer payment (1st) is based on I/O payments at 4.5% for 24 months.
Spencer payment (2nd) is based on P&I payments @ 5% for 7 years - 25 year amortization.
Arroyo Grande Lots payment is based on P&I payments @ 4.5% for 15 year.
San Papino Lots payment is based on P&I payments @ 4.5% for 30 years.

**Notes - Property Tax Payments:**
Durango - est. balance owing - $15,000/60 = $250/mo.
Maryland - est. balance owing - $3,800/60 = $63/mo.
Marks Street - $16,500/60 = $275/mo.
Spencer - est. balance owing $7,000/60 = $117/mo.
Arroyo Grande Lots - $3,500/60 = $59/mo.

**Other:**
Business Income - projected cash flow of Carmine's Italian Kitchen Marks Street and Durango.
Administrative Expense is being estimated at $250,000.
C & Vento - personal payments to the plan of $1,000 monthly for 2013 and 2014.

*Vento Family Trust - Monthly Budget (1/2014 - 12/2014)*

| | 645 Carnegie | 2940 Durango | 2211 Maryland Pkwy. | 445 Marks Street | 191 Arroyo Grande | 6737 Spencer Street | Arroyo Grande Lots | San Papino Lots | Richmar Land | Business Income | Monthly Totals | 1/14 - 12/14 Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | |
| Building Rent | $21,000 | $11,932 | $2,000 | $11,500 | $6,500 50% | $3,000 | $0 | $0 | $0 | -$750 | $55,183 | $662,190 |
| Cell Sites | $1,230 | $2,980 | $0 | $0 | $0 | $0 | $0 | $0 | $1,647 | $0 | $5,857 | $70,284 |
| Billboard(s) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $0 | $0 | $1,600 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $1,600 | $19,200 |
| Other - C&A Vento | | | | | | | | | | | $1,000 | $12,000 |
| **Total Income** | $22,230 | $14,912 | $3,600 | $11,500 | $6,500 | $3,000 | $0 | $0 | $1,647 | -$750 | $63,640 | $763,674 |
| | | | | | | | | | | | | $0 |
| **Expense:** | | | | | | | | | | | | $0 |
| Utilities | $0 | $0 | $0 | $0 | $0 | $350 | $0 | $0 | $0 | $0 | $350 | $4,200 |
| Property Taxes | $0 | $0 | $0 | $0 | $0 | $767 | $375 | $0 | $0 | $0 | $1,142 | $13,704 |
| Insurance | $0 | $0 | $0 | $0 | $0 | $250 | $0 | $0 | $0 | $0 | $250 | $3,000 |
| Landscaping | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Alarms | $0 | $0 | $0 | $0 | $0 | $50 | $0 | $0 | $0 | $0 | $50 | $600 |
| Association Fees | $0 | $0 | $0 | $0 | $0 | $750 | $0 | $0 | $0 | $0 | $750 | $9,000 |
| Other | $0 | $0 | $200 | $0 | $0 | $100 | $0 | $0 | $0 | $0 | $300 | $3,600 |
| Total Expenses: | $0 | $0 | $200 | $0 | $0 | $2,267 | $375 | $0 | $0 | $0 | $2,842 | $34,104 |
| | | | | | | | | | | | | $0 |
| Net Income Avail for Debt Service | $22,230 | $14,912 | $3,400 | $11,500 | $6,500 | $733 | -$375 | $0 | $1,647 | -$750 | $60,798 | $729,570 |
| | | | | | | | | | | | | $0 |
| Proposed Plan Payment - 1st DOT | $13,392 | $11,932 | $2,300 | $11,500 | $6,500 | $3,496 | $689 | $1,976 | $0 | $0 | $51,785 | $621,420 |
| Proposed Plan Payment - 2nd DOT | $0 | $0 | $0 | $0 | $0 | $263 | $0 | $0 | $0 | $0 | $263 | $3,156 |
| Proposed Property Tax Payments | $0 | $250 | $63 | $275 | $0 | $117 | $59 | $0 | $0 | $0 | $764 | $9,168 |
| Proposed Payment to Unsecured Claims | | | | | | | | | | | $4,800 | $57,600 |
| Administrative Expense | | | | | | | | | | | $3,250 | $39,000 |
| | | | | | | | | | | | | |
| Excess/(Deficit) | $8,838 | $2,730 | $1,037 | -$275 | $0 | -$2,880 | -$1,123 | -$1,976 | $1,647 | -$750 | $199 | $2,382 |

**Notes - Loan Payments:**
Carnegie payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Durango payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Maryland Parkway payment is based on P&I payments @ 5% for 7 years - 25 years amortization.
Marks Street payment is based on P&I payments @ 4% based on 30 year amoortization.
191 Arroyo Grande payment is based on P&I payments @ 5% for 7 years - 25 year amortization.
Spencer (1st) is based on P&I payments @ 4.5% based a 30 year amortization.
Spencer payment (2nd) is based on P&I payments @ 5% for 7 years - 25 year amortization.
Arroyo Grande Lots payment is based on P&I payments @ 4.5% for 15 years.
San Papino Lots payment is based on P&I payments @ 4.5% for 30 years.

**Notes - Property Tax Payments:**
Durango - est. balance owing - $15,000/60 = $250/mo.
Maryland - est. balance owing - $3,800/60 = $63/mo.
Marks Street - $16,500/60 = $275/mo.
Spencer - est. balance owing $7,000/60 = $117/mo.
Arroyo Grande Lots - $3,500/60 = $59/mo.

**Other:**
Business Income - projected cash flow of Carmine's Italian Kitchen Marks Street and Durango.
Administrative Expense is being estimated at $250,000.
C & Vento - personal payments to the plan of $1,000 monthly for 2013 and 2014.

*Vento Family Trust - Monthly Budget (1/2015 - 12/2015)*

| | 645 Carnegie | 2940 Durango | 2211 Maryland Pkwy. | 445 Marks Street | 191 Arroyo Grande | 6737 Spencer Street | Arroyo Grande Lots | San Papino Lots | Richmar Land | Business Income | Monthly Totals | 1/15 - 12/15 Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | |
| Building Rent | $21,000 | $11,932 | $2,000 | $11,500 | $6,500 50% | $3,000 | $0 | $0 | $0 | $0 | $55,933 | $671,190 |
| Cell Sites | $1,230 | $2,980 | $0 | $0 | $0 | $0 | $0 | $0 | $1,647 | $0 | $5,857 | $70,284 |
| Billboard(s) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $0 | $0 | $1,600 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $1,600 | $19,200 |
| **Total Income** | $22,230 | $14,912 | $3,600 | $11,500 | $6,500 | $3,000 | $0 | $0 | $1,647 | $0 | $63,390 | $760,674 |
| | | | | | | | | | | | | $0 |
| | | | | | | | | | | | | $0 |
| **Expense:** | | | | | | | | | | | | |
| Utilities | $0 | $0 | $0 | $0 | $0 | $350 | $0 | $0 | $0 | $0 | $350 | $4,200 |
| Property Taxes | $0 | $0 | $0 | $0 | $0 | $767 | $375 | $0 | $0 | $0 | $1,142 | $13,704 |
| Insurance | $0 | $0 | $0 | $0 | $0 | $250 | $0 | $0 | $0 | $0 | $250 | $3,000 |
| Landscaping | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Alarms | $0 | $0 | $0 | $0 | $0 | $50 | $0 | $0 | $0 | $0 | $50 | $600 |
| Association Fees | $0 | $0 | $0 | $0 | $0 | $750 | $0 | $0 | $0 | $0 | $750 | $9,000 |
| Other | $0 | $0 | $200 | $0 | $0 | $100 | $0 | $0 | $0 | $0 | $300 | $3,600 |
| Total Expenses: | $0 | $0 | $200 | $0 | $0 | $2,267 | $375 | $0 | $0 | $0 | $2,842 | $34,104 |
| | | | | | | | | | | | | |
| Net Income Avail for Debt Service | $22,230 | $14,912 | $3,400 | $11,500 | $6,500 | $733 | -$375 | $0 | $1,647 | $0 | $60,548 | $726,570 |
| | | | | | | | | | | | | $0 |
| Proposed Plan Payment - 1st DOT | $13,392 | $11,932 | $2,300 | $11,500 | $6,500 | $3,496 | $689 | $1,976 | $0 | $0 | $51,785 | $621,420 |
| Proposed Plan Payment - 2nd DOT | $0 | $0 | $0 | $0 | $0 | $263 | $0 | $0 | $0 | $0 | $263 | $3,156 |
| Proposed Property Tax Payments | $0 | $250 | $63 | $275 | $0 | $117 | $59 | $0 | $0 | $0 | $764 | $9,168 |
| Proposed Payment to Unsecured Claims | | | | | | | | | | | $4,800 | $57,600 |
| Administrative Expense | | | | | | | | | | | $3,250 | $39,000 |
| | | | | | | | | | | | | |
| Excess/(Deficit) | $8,838 | $2,730 | $1,037 | -$275 | $0 | -$2,880 | -$1,123 | -$1,976 | $1,647 | $0 | -$52 | -$618 |

**Notes - Loan Payments:**
Carnegie payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Durango payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Maryland Parkway payment is based on P&I payments @ 5% for 7 years - 25 years amortization.
Marks Street payment is based on P&I payments @ 4% based on 30 year amoartization.
191 Arroyo Grande payment is based on P&I payments @ 5% for 7 years - 25 year amortization.
Spencer payment (1st) is based on P&I payments @ 4.5% based a 30 year amortization.
Spencer payment (2nd) is based on P&I payments @ 5% for 7 years - 25 year amortization.
Arroyo Grande Lots payment is based on P&I payments @ 4.5% for 15 years.
San Papino Lots payment is based on P&I payments @ 4.5% for 30 years.

**Notes - Property Tax Payments:**
Durango - est. balance owing - $15,000/60 = $250/mo.
Maryland - est. balance owing - $3,800/60 = $63/mo.
Marks Street - $16,500/60 = $275/mo.
Spencer - est. balance owing $7,000/60 = $117/mo.
Arroyo Grande Lots - $3,500/60 =  $59/mo.

**Other:**
Business Income - projected cash flow of Carmine's Italian Kitchen Marks Street and Durango.
Administrative Expense is being estimated at $250,000.

*Vento Family Trust - Monthly Budget (1/2016 - 12/2016)*

| | 645 Carnegie | 2940 Durango | 2211 Maryland Pkwy. | 445 Marks Street | 191 Arroyo Grande 50% | 6737 Spencer Street | Arroyo Grande Lots | San Papino Lots | Richmar Land | Business Income | Monthly Totals | 1/16 - 12/16 Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income:** | | | | | | | | | | | | |
| Building Rent | $21,000 | $11,932 | $2,000 | $11,500 | $6,500 | $3,000 | $0 | $0 | $0 | $0 | $55,933 | $671,190 |
| Cell Sites | $1,230 | $2,980 | $0 | $0 | $0 | $0 | $0 | $0 | $1,647 | $0 | $5,857 | $70,284 |
| Billboard(s) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Other | $0 | $0 | $1,600 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $1,600 | $19,200 |
| **Total Income** | **$22,230** | **$14,912** | **$3,600** | **$11,500** | **$6,500** | **$3,000** | **$0** | **$0** | **$1,647** | **$0** | **$63,390** | **$760,674** |
| | | | | | | | | | | | | $0 |
| **Expense:** | | | | | | | | | | | | |
| Utilities | $0 | $0 | $0 | $0 | $0 | $350 | $0 | $0 | $0 | $0 | $350 | $4,200 |
| Property Taxes | $0 | $0 | $0 | $0 | $0 | $767 | $375 | $0 | $0 | $0 | $1,142 | $13,704 |
| Insurance | $0 | $0 | $0 | $0 | $0 | $250 | $0 | $0 | $0 | $0 | $250 | $3,000 |
| Landscaping | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Alarms | $0 | $0 | $0 | $0 | $0 | $50 | $0 | $0 | $0 | $0 | $50 | $600 |
| Association Fees | $0 | $0 | $0 | $0 | $0 | $750 | $0 | $0 | $0 | $0 | $750 | $9,000 |
| Other | $0 | $0 | $200 | $0 | $0 | $100 | $0 | $0 | $0 | $0 | $300 | $3,600 |
| Total Expenses: | $0 | $0 | $200 | $0 | $0 | $2,267 | $375 | $0 | $0 | $0 | $2,842 | $34,104 |
| | | | | | | | | | | | | $0 |
| Net Income Avail for Debt Service | $22,230 | $11,932 | $3,400 | $11,500 | $6,500 | $733 | -$375 | $0 | $1,647 | $0 | $60,548 | $726,570 |
| | | | | | | | | | | | | $0 |
| Proposed Plan Payment - 1st DOT | $13,392 | $11,500 | $2,300 | $11,500 | $6,500 | $3,496 | $689 | $1,976 | $0 | $0 | $51,353 | $616,236 |
| Proposed Plan Payment - 2nd DOT | $0 | $0 | $0 | $0 | $0 | $263 | $0 | $0 | $0 | $0 | $263 | $3,156 |
| Proposed Property Tax Payments | $0 | $250 | $63 | $275 | $0 | $117 | $59 | $0 | $0 | $0 | $764 | $9,168 |
| Proposed Payment to Unsecured Claims | | | | | | | | | | | $4,800 | $57,600 |
| Administrative Expense | | | | | | | | | | | $3,250 | $39,000 |
| Excess/(Deficit) | $8,838 | $182 | $1,037 | -$275 | $0 | -$2,880 | -$1,123 | -$1,976 | $1,647 | $0 | $381 | $4,566 |

**Notes - Loan Payments:**
Carnegie payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Durango payment is based on P&I payments @ 4.5% based on a 30 year amortization.
Maryland Parkway payment is based on P&I payments @ 5.5% for 7 years - 25 years amortization.
Marks Street payment is based on P&I payments @ 4% based on 30 year amoortization.
191 Arroyo Grande payment is based on P&I payments @ 5.5% for 7 years - 25 year amortization.
Spencer payment (1st) is based on P&I payments @ 4.5% based a 30 year amortization.
Spencer payment (2nd) is based on P&I payments @ 5% for 7 years - 25 year amortization.
Arroyo Grande Lots payment is based on P&I payments @ 4.5% for 15 years.
San Papino Lots payment is based on P&I payments @ 4.5% for 30 years.

**Notes - Property Tax Payments:**
Durango - est. balance owing - $15,000/60 = $250/mo.
Maryland - est. balance owing - $3,800/60 = $63/mo.
Marks Street - $16,500/60 = $275/mo.
Spencer - est. balance owing $7,000/60 = $117/mo.
Arroyo Grande Lots - $3,500/60 =  $59/mo.

**Other:**
Business Income - projected cash flow of Carmine's Italian Kitchen Marks Street and Durango.
Administrative Expense is being estimated at $250,000.

| | |
|---|---|
| **Total Paid to Unsecured Claims - 5 Year Plan** | **$288,000** |
| **Total Paid to Administartive Expenses - 5 Year Plan** | **$225,000** |
| **Excess Cash Flow - 5 Year Plan** | **$22,422** |

**Carmine's Italian Kitchen (Durango) - Projected Earnings**

| 2012 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 1440 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 198 |
| Food @ 22% | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 435.6 |
| | | | | | | | | | | | | | |
| Gross Profit | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 806.4 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 99 |
| Comp Expense | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 150 |
| Insurance Expense @ 4% | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 57.6 |
| Payroll Expense @ 35% | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 693 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 105.6 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 116.64 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 90 |
| Total Expenses | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 1341.84 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 540 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 4.56 |

**Carmine's Italian Kitchen (Durango) - Projected Earnings**

| 2013 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 1440 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 16.5 | 198 |
| Food @ 22% | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 36.3 | 435.6 |
| | | | | | | | | | | | | | |
| Gross Profit | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 67.2 | 806.4 |
| | | | | | | | | | | | | | |
| Operating Expense @ 10% | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 8.25 | 99 |
| Comp Expense | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 12.5 | 150 |
| Insurance Expense @ 4% | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 4.8 | 57.6 |
| Payroll Expense @ 35% | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 57.75 | 693 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 8.8 | 105.6 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 9.72 | 116.64 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 7.5 | 90 |
| Total Expenses | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 111.82 | 1341.84 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 45 | 540 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 0.38 | 4.56 |

**Carmine's Italian Kitchen (Durango) - Projected Earnings**

| 2014 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 1500 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 210 |
| Food @ 22% | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 462 |
| | | | | | | | | | | | | | |
| Gross Profit | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 828 |
| | | | | | | | | | | | | | |
| Operating Expense @ 10% | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 105 |
| Comp Expense | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 156 |
| Insurance Expense @ 4% | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 60 |
| Payroll Expense @ 35% | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 735 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 121.5 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 84 |
| Total Expenses | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 119.625 | 1435.5 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -0.625 | -7.5 |

**Carmine's Italian Kitchen (Durango) - Projected Earnings**

| 2015 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 1560 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 216 |
| Food @ 22% | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 475.2 |
| | | | | | | | | | | | | | |
| Gross Profit | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 868.8 |
| | | | | | | | | | | | | | |
| Operating Expense @ 10% | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 108 |
| Comp Expense | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 156 |
| Insurance Expense @ 4% | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 62.4 |
| Payroll Expense @ 35% | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 756 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 126.36 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 84 |
| Total Expenses | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 1466.76 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 2.04 |

**Carmine's Italian Kitchen (Durango) - Projected Earnings**

| 2016 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 130 | 1560 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 18 | 216 |
| Food @ 22% | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 39.6 | 475.2 |
| | | | | | | | | | | | | | |
| Gross Profit | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 72.4 | 868.8 |
| | | | | | | | | | | | | | |
| Operating Expense @ 10% | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 9 | 108 |
| Comp Expense | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 13 | 156 |
| Insurance Expense @ 4% | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 5.2 | 62.4 |
| Payroll Expense @ 35% | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 63 | 756 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 10.53 | 126.36 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 7 | 84 |
| Total Expenses | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 122.23 | 1466.76 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 0.17 | 2.04 |

**Durango Assumptions:**

Average Food and Beverage Sales $120M Monthly (2012 & 2013); $125M (2014); $130M (2015 & 2016).
GOGS - 32% of Total Food & Beverage Sales and Gaming Income.
Gross Gaming Estimated @ $45M Monthly (2012 & 2013); $50M (2014-2016).
ETT Loan Repayment at $1,000 per Week is Netted from Gaming.
Operating Expenses @ 5% of Total Food & Beverage Sales and Gaming Income.
Insurance Expense @ 4% of Total Food & Beverage Sales and Gaming Income.
Payroll Expense @ 35% of Total Food & Beverage Sales and Gaming Income.
Building Rent based on Mortgage Payment to BLV @ I/O at 4.5% (2012 & 2013), P&I Payments @ 4.5% (2014-2016).
Sales Tax @ 8.10% of Total Food & Beverage Sales.

**Construction Budget - Durango**

**Sources:**

| | |
|---|---|
| ETT Loan | $25,000 |
| ETT Signing Bonus | $75,000 |
| Personal Loan form Family | $135,000 |
| **Total Sources** | **$235,000** |

**Uses:**

| | |
|---|---|
| Construction/Remodeling Costs | $90,000 |
| TV's - 20 | $35,000 |
| Kitchen Equipment - Replace and Refurbish | $35,000 |
| TV and Sound System Wiring for HD | $18,000 |
| Pictures, Artwork and Other Interior Design Items | $10,000 |
| Chairs | $9,500 |
| Casual Labor | $3,000 |
| Employee Training | $7,000 |
| Working Capital | $27,500 |
| **Total Uses** | **$235,000** |

**Carmine's Italian Kitchen (Marks Street) - Projected Earnings**

| 2012 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 1380 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 186 |
| Food @ 22% | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 409.2 |
| | | | | | | | | | | | | | |
| Gross Profit | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 784.8 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 93 |
| Comp Expense | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Insurance Expense @ 4% | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 55.2 |
| Payroll Expense @ 35% | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 651 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.03 | 7.3 | 7.3 | 87.33 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 111.78 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 96 |
| Total Expenses | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.445 | 105.715 | 105.715 | 1268.31 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 480 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.045 | -0.315 | -0.315 | -3.51 |

**Carmine's Italian Kitchen (Marks Street) - Projected Earnings**

| 2013 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 115 | 1380 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 15.5 | 186 |
| Food @ 22% | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 34.1 | 409.2 |
| | | | | | | | | | | | | | |
| Gross Profit | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 65.4 | 784.8 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 7.75 | 93 |
| Comp Expense | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Insurance Expense @ 4% | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 4.6 | 55.2 |
| Payroll Expense @ 35% | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 54.25 | 651 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.3 | 7.03 | 7.3 | 7.3 | 87.33 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 9.315 | 111.78 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 |
| Total Expenses | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.715 | 105.445 | 105.715 | 105.715 | 1268.31 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 40 | 480 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.315 | -0.045 | -0.315 | -0.315 | -3.51 |

**Carmine's Italian Kitchen (Marks Street) - Projected Earnings**

| 2014 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 1500 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 210 |
| Food @ 22% | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 462 |
| | | | | | | | | | | | | | |
| Gross Profit | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 828 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 105 |
| Comp Expense | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Insurance Expense @ 4% | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 60 |
| Payroll Expense @ 35% | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 735 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 138 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 121.5 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 96 |
| Total Expenses | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 1429.5 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -1.5 |

**Carmine's Italian Kitchen (Marks Street) - Projected Earnings**

| 2015 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 1500 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 210 |
| Food @ 22% | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 462 |
| | | | | | | | | | | | | | |
| Gross Profit | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 828 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 105 |
| Comp Expense | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Insurance Expense @ 4% | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 60 |
| Payroll Expense @ 35% | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 735 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 138 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 121.5 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 96 |
| Total Expenses | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 1429.5 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -1.5 |

**Carmine's Italian Kitchen (Marks Street) - Projected Earnings**

| 2016 (000's) | Jan | Feb | Mar | April | May | June | July | Aug | Sept | Oct | Nov | Dec | YTD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sales (Food & Beverage) | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 125 | 1500 |
| | | | | | | | | | | | | | |
| GOGS: | | | | | | | | | | | | | |
| Beverage @10% | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 17.5 | 210 |
| Food @ 22% | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 38.5 | 462 |
| | | | | | | | | | | | | | |
| Gross Profit | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 69 | 828 |
| | | | | | | | | | | | | | |
| Operating Expense @ 5% | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 8.75 | 105 |
| Comp Expense | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 12 | 144 |
| Insurance Expense @ 4% | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 60 |
| Payroll Expense @ 35% | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 61.25 | 735 |
| Professional Fees | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 0.5 | 6 |
| Rent - Building | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 11.5 | 138 |
| Maintenance/Warehouse | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Sales Taxes | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 10.125 | 121.5 |
| Gaming Taxes | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 12 |
| Utilities | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 8 | 96 |
| Total Expenses | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 119.125 | 1429.5 |
| | | | | | | | | | | | | | |
| Other Income -Gaming | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 600 |
| | | | | | | | | | | | | | |
| Net Income (Loss) | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -0.125 | -1.5 |

**Durango Assumptions:**

Average Food and Beverage Sales $115M Monthly (2012 & 2013); $125M (2014-2016).
GOGS - 32% of Total Food & Beverage Sales and Gaming Income.
Gross Gaming Estimated @ $40M Monthly (2012 & 2013); $50M (2014-2016).
ETT Loan Repayment at $1,000 per Week is Netted from Gaming.
Operating Expenses @ 5% of Total Food & Beverage Sales and Gaming Income.
Insurance Expense @ 4% of Total Food & Beverage Sales and Gaming Income.
Payroll Expense @ 35% of Total Food & Beverage Sales and Gaming Income.
Building Rent based on Mortgage Payment to Service 1st @ I/O at 4% (2012 & 2013) - P& I Payments @ 4% (2014-2016).
Sales Tax @ 8.10% of Total Food & Beverage Sales.

Exhibit C

July 26, 2011

Mr. Tim Cory
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, NV 89117

Dear Mr. Cory:

At your request we have researched several properties owned by Carmine and Ann Vento et al, for the purpose of providing an estimate of value at a regular brokerage sale in today's market.

At the outset, I would like to point out that today's values for these, and virtually all other values for real estate in today's market, have declined radically in the last several years. This is due to several reasons, the first being the fact that there is such an abundance of distressed property throughout the valley that is either in default or foreclosure. For anyone to purchase such properties requires a ready-made use for a project, unless there is a motivating factor such as an auction that raises their expectations for a "great deal". There is a limited amount of buyers with ready cash who have the privilege of picking and choosing these properties since bank financing for any commercial project, especially vacant land, is virtually unavailable. The second type of property that is distressed in today's market is the restaurant-hospitality type real estate. Restaurant closings are at an all-time high. The resale market for this type of structure is brutal, since there is little or no demand for the buildings to be used in that fashion and remodeling is prohibitive, because there are so many other competitive empty and unfinished office/retail spaces. The values being used in the Las Vegas market are based on building square footage as a package price, with the land included. Unless the land the restaurant sits on is exceptional, demolition/remodel is not being done except in rare cases. To establish these values we have availed ourselves of all the research data available to us (Property Line, etc.) have driven the neighborhoods, observed each parcel, taken pictures and called listing brokers for similar properties to get comparables.

Therefore, the information on properties on the list given us is as follows, on an individual basis:

1.  645 Carnegie, parcel number: 178-30-316-004: This is an operating restaurant, well located and highly visible. Our perusal shows this to be in an area that there is not an excess of competitive product available. The building seems to be in great condition, but it is not located on a high-traffic street. For the above stated reasons, at $65 per square foot the value would be $552,500.

2.  2940 South Durango: APN: 163-09-312-005. The building is unoccupied, and is 7,600 square feet on 37,026 square feet of land. The office building next to it was never occupied upon completion, and is listed at $60 per square foot and asking for offers. The value of this property at $45 per square foot is $342,000.

3.  2211 Maryland Parkway:  APN: 162-02-410-089.  The building contains 3,500 square feet and the lot is 13,939 square feet.  This is a well-maintained property, in a declining neighborhood.  Gorman High School has vacated the property just north, and is in a new campus across town.  Value of this property is $140,000. There are numerous vacancies in all segments of the commercial market in this area.

4.  445 Marks Street, APN: 178-03-411-015:  Building contains 8300 square feet and the land 54,450 square feet.  This is one of the better properties in the portfolio due to its location and high traffic surroundings.  This is one of the more vibrant business areas. Accordingly, the value of this property is $622,500.

5.  191 Arroyo Grande, APN:  178-21-702-002:  Building contains 9,000 square feet, the land 40,510 square feet.  Although this is a large attractive building, it does not draw the traffic other areas of town do.  It was anticipated that development would continue at a rapid pace south of Horizon Drive, which of course, has not materialized due to the economy.  Accordingly, this property is valued at $585,000.  Three lots are owned adjacent to it containing .99, .99 and .96 acres.  Two of these lots front on Arroyo Grande, one fronts on Flores Lane.  These parcel numbers would have been 178-21-602-007, 008, and 009.  The three lots will be valued at $55,000, $55,000 and $45,000 respectively.

6.  6737 Spencer, APN:  177-02-214-006:  This is box-warehouse space with office, south of McCarran Airport, in an industrial area, with numerous of other similar other properties, many of which are vacant.  There is 12,100 square feet, sitting on land of 34,012 square feet.  Because of proximity, adjacent tenants and conditions, this property is valued at $480,000.

7.  6827 West Tropicana, APN:  163-26-112-025:  Building is 9,800 square feet, on approximately 42,253 square feet of land, adjacent to Spanish Trail development.  This building is unfinished, has no interior floors, ceilings, HVAC, etc. at all.  Because of the cost of said improvements, this building is valued at $25 per square foot with building and land valued at $245,000, in current condition.  (**Note: records show this is a tenants-in-common interest. Percentage interest needs to be applied to price for fractional interest.**)

8.  We were given information for 6 lots, 372 San Papino Court, APN:  177-16-710-001, thru 177-16-710-006:  physical inspection shows two lots are occupied by an existing upper-end residence, with another substantial residence on one of the other lots, leaving only three lots out of the six vacant.  Lot sizes are very similar, a little over l/2 acre each.  I value these lots at $70,000 each for a total of $210,000.

9.  A sliver of land, .30 of an acre at southwest corner of South Las Vegas Blvd. and Richmar, APN: 177-20-812-008.  This contains approximately l/3rd acre or 13,068 square feet, and in today's market it has limited value.  There appears to be a recorded easement through it to a shopping center west of the property.  Its value, probably, is convenience to the adjacent property owner and possibly a nuisance value for the shopping center of $2 to $3 a square foot yields a value of a mid-range price of $2.50 a square foot would be $32,670.

10. Two adjacent parcels of land on North Hualapai Way and Dorrell, (Note: these are not frontage lots,) APN: 125-19-201-002, containing 2.068 acres each. Unimproved, unincorporated county, valued at $160,000 total. **Note: records show that clients own a fractional interest. Percentage interest needs to be applied to price.)**

11. Land on westerly off-ramp 215 and Ann Road, APN 125-19-301-013, containing 2.97 acres, unimproved. Value is futuristic. Value is in its visibility from free-way. Value: $150,000. **(Note: records show that this is a fractional interest. Percentage interest needs to be applied to price.)**

12. Five acres of land, vicinity of Ann Road, west of 215, APN 126-36-101-007. No visible access. Unimproved, hundreds of other parcels like it. Valued at $5,000 per acre, or $25,000. **(Note: title needs to be examined to verify gravel and minerals run concurrent with surface. If affirmative, property could have a possible value of $50,000 per acre. Records show that clients own a fractional interest. Percentage interest needs to be applied to price.)**

13. Five acres of desert land west of Interstate 15, south of St. Rose Parkway, APN: 191-16-501-007, no visible access, and is unspectacular. Value is $5,000 per acre, total of $25,000. **(Note: Records show that clients own a fractional interest. Percentage interest needs to be applied to price.)**

14. Land containing 2.25 acres south of Blue Diamond Road, east of Rainbow Blvd. APN 176-23-201-007. Of all of the vacant land examined, this has the highest immediate value, in an area where buyers are still interested in land. This land is valued at $100,000 per acre, total value $225,000. **(Note: Records show that clients own a fractional interest. Percentage interest needs to be applied to price.)**

Please be advised that I do not profess nor hold credentials to be qualified as an appraiser. These values were arrived at from 35 years in the commercial real estate business, from the same sources most serious commercial people use, and are subjective in nature. The greatest boost to gaining maximum value from any property is, of course, its location, suitability for a particular project and certainly urgency to acquire it. One of the huge problems in the Las Vegas market today, for those wanting to sell, is the lack of urgency because of so many competing properties.

I certify that the above values are correct to the best of my knowledge and opinion, in the circumstances of today's real estate market.

Sincerely,

*(Signed by James L. Dunn)*

James L. Dunn, Broker
Dunn Properties, Ltd.

Exhibit D

**Carmine and Ann Vento**
**Personal Financial Statement**
**9/25/2011**

| **Assets** | | | **Liabilities & Net Worth** | | |
|---|---|---|---|---|---|
| Cash - NSB | $ | 1,000 | Credit Cards | $ | 25,000 |
| Vehicles: | | | Loan - 2007 GMC | $ | 22,000 |
| 2007 GMC | $ | 20,000 | Loan - 2004 Motor Home | $ | 120,000 |
| 2004 Motor Home | $ | 85,000 | Total Liabilities | $ | 167,000 |
| 2007 Ford Van | $ | 10,000 | Net Worth | $ | 449,000 |
| Real Estate Owned: | | | | | |
| 233  Padre Salas, Baja, Mx | $ | 400,000 | | | |
| Lot - Puerto Salina, Baja, MX | $ | 50,000 | | | |
| Personal Items | $ | 50,000 | | | |
| Total Assets | $ | 616,000 | | | |

**Carmine and Ann Vento - Qualified Personal Residential Trust**
**Personal Financial Statement**
**9/25/2011**

| <u>Assets</u> | | | <u>Liabilities & Net Worth</u> | | |
|---|---|---|---|---|---|
| 1520 MacDonald Ranch Drive | $ | 1,200,000 | 1st Mortgage- Chase | $ | 150,000 |
| Henderson, NV | | | 2nd - Mortgage | $ | 650,000 |
| | | | Past Due Prop. Taxes | $ | 25,000 |
| Total Assets | $ | 1,200,000 | Total Liabilities | $ | 825,000 |
| | | | Net Worth | $ | 375,000 |

### Vento Management Trust
### Personal Financial Statement
### 9/25/2011

| **Assets** | | | **Liabilities & Net Worth** | | |
|---|---|---|---|---|---|
| Businesses Owned: | | | Mortgage - 373 San Papino Ct. | $ | 415,000 |
| Lil Vento's II, LLC - CPK (Maryland Pkwy.) - 100% | $ | - | Mortgage - 373 San Papino Ct. | $ | 415,000 |
| Lil Vento's 6, LLC, LLC - CIK (Mark's Street) - 100% | $ | - | Mortgage - Residentila Lots | $ | 390,000 |
| Melino's, Ltd. -Ventano's - 50% | $ | 100,000 | Past Due Property Taxes | $ | 30,000 |
| FJV, LLV - CIK (Durano - not open) - 100% | $ | - | Total Liabilities | $ | 1,250,000 |
| Vento's Inc. (ATM @ Mark's Street) | $ | 5,000 | Net Worth | $ | (115,000) |
| Carmine's Italian Kitchen, LLC (Equipment) | $ | 50,000 | | | |
| Real Estate Owned: | | | | | |
| 373 San Papino Ct. (Las Vegas) | $ | 350,000 | | | |
| 362 San Papino Ct. ( Las Vegas) | $ | 350,000 | | | |
| 4 Residential Lots - San Papino Ct, | $ | 280,000 | | | |
| Total Assets | $ | 1,135,000 | | | |

Notes:

Lil Vento's II, LLC - Carmine's Pizza Kitchen (Maryland) - negative net worth - zero value

Lil Vento's 6, LLC, LLC - Carmine's Italian Kitchen (Mark's Street) - negative net worth - zero value

Melino's, Ltd. -Ventano's Italian Restaurant (Henderson) - est. market value (50%)

FJV, LLV - Carmine's Italian Restaurant (Durano - not open) - zero value

Vento's Inc. (owns ATM @ Mark's Street) - est value of ATM machine

Carmine's Italian Kitchen, LLC (Owns restaurant equipment) - est. liquidation value

Exhibit E

TIMOTHY S. CORY, ESQ.
Nevada Bar No. 1972
JASON C. FARRINGTON, ESQ.
Nevada Bar No. 8063
**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone (702) 388-1996
tim.cory@corylaw.us

Attorneys for the Debtor

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

IN RE:

VENTO FAMILY TRUST,

                Debtor.

Case No. 10-33909-MKN

Chapter 11

### BALLOT FOR ACCEPTING PLAN
### OF REORGANIZATION PROPOSED BY THE DEBTOR

    PLEASE READ AND FOLLOW THE INSTRUCTIONS CONTAINED IN THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND PROMPTLY RETURN IT TO:

**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117

ATTENTION: Jason C. Farrington

    THE VOTE TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED IF THIS BALLOT HAS NOT BEEN RECEIVED AT THE ADDRESS ABOVE BY **5:00 P.M. PREVAILING TIME ON _____, 2011**.

    Vento Family Trust, the Debtor and Debtor in Possession ("Debtor) in the above-referenced Chapter 11 bankruptcy case has filed a "Disclosure Statement to Accompany Chapter 11 Plan of Reorganization" (the "Disclosure Statement"). The Disclosure Statement describes in detail the Debtor's Plan of Reorganization (the "Plan").

    The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in each Class entitled to vote on the Plan. In the event that the requisite acceptances

1

are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan provides for fair and equitable treatment and does not discriminate unfairly with respect to the rejecting class. To have your vote counted, you must complete and return this Ballot.

Pursuant to the Disclosure Statement and the Plan, only those parties holding Claims or Interests in the following Classes may cast a Ballot to accept or reject the Plan:

The Claims in Classes 1 through 4.

IF YOU ARE A HOLDER OF A CLAIM IN MORE THAN ONE OF THESE CLASSES, SUBMIT A SEPARATE BALLOT FOR *EACH CLASS* IN WHICH YOU HOLD CLAIMS.

**Item 1: In General.**

In order to vote to accept or reject the Plan, CHECK ONE, BUT ONLY ONE, OF THE FOLLOWING BOXES:

   ☐ I VOTE TO ACCEPT THE PLAN

   ☐ I VOTE TO REJECT THE PLAN

**Item 2: Receipt of Information.**

By signing this ballot, the undersigned hereby acknowledges receipt of copies of the Plan, the Disclosure Statement, and the "Notice of Hearing on Confirmation of Debtor's Plan of Reorganization and Related Deadlines" filed _____, 2010.

**Item 3: Incomplete or Untimely Ballots or Vote Not Indicated.**

The undersigned understands that, unless the Ballot is signed, dated, filled out, completely legible, timely returned to counsel and contains a vote to accept or reject the Plan, the Ballot will not be counted as a vote on the Plan unless otherwise ordered by the Bankruptcy Court.

**Item 4. Certification.**

YOU MUST PROVIDE ALL OF THE INFORMATION REQUESTED BELOW IN ORDER FOR YOUR VOTE TO ACCEPT OR REJECT THE PLAN TO COUNT. By signing this Ballot, the undersigned declares under penalty of perjury that the information provided in this Ballot is true and complete to the best of the undersigned's knowledge, information and belief.

AMOUNT OF CLAIM:_____

CLASS UNDER PLAN:_____

NAME OF CLAIMANT:_____

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

*/ / /*

**Item 5. Return of Ballot**.

　　　This Ballot must be received by counsel to the Debtor at the following address on or before **5:00 P.M. PREVAILING TIME ON _____, 2010**.

**TIMOTHY S. CORY & ASSOCIATES**
8831 West Sahara Avenue
Las Vegas, Nevada 89117
ATTENTION: Jason C. Farrington

Name of Claim Holder

_____

[print or type name]

_____

Signature

By:_____

Title:_____

Address:

_____

_____

_____

_____

Telephone number:_____

Date Completed:_____